1 | JEFFREY D. WOHL (Cal. State Bar No. 96838)
2 | JEFFREY P. MICHALOWSKI (Cal. State Bar No. 248073)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street, 24th Floor
3 | San Francisco, California  94105
Telephone: (415) 856-7000
4 | Facsimile: (415) 856-7100
jeffwohl@paulhastings.com
5 | jeffmichalowski@paulhastings.com

6 | Attorneys for Defendant/Cross-Complainant
LTX Corporation and Defendants Peter Rood and Tim Hallock
7 |

8 |

9 | UNITED STATES DISTRICT COURT

10 | NORTHERN DISTRICT OF CALIFORNIA

11 |

| | |
|---|---|
| JOHN NIXON, an individual, | No. |
| Plaintiff, | **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b) (FEDERAL QUESTION)** |
| vs. | |
| LTX CORPORATION, a corporation, and PETER ROOD, individually, and TIM HALLOCK, individually, | (Santa Clara Superior No. 1-07-CV-081538) |
| Defendants. | |
| LTX CORPORATION, a corporation, | |
| Cross-Complainant, | |
| vs. | |
| JOHN NIXON III, an individual, and Does 1-10, | |
| Cross-Defendants. | |

LEGAL_US_W # 56790971.1

NOTICE OF REMOVAL OF ACTION
U.S.D.C., N.D. Cal., No. _____

To the Clerk of Court and plaintiff John Nixon, appearing *in propria persona*:

PLEASE TAKE NOTICE that on August 7, 2007, defendant and cross-complainant LTX Corporation ("LTX") and defendants Peter Rood and Tim Hallock removed this action from the Superior Court of California for County of Santa Clara (the "Superior Court") to this Court, based on federal question jurisdiction under 28 U.S.C. sections 1331 and 1441(b) and 29 U.S.C. section 216(b) and the Court's supplemental jurisdiction under 28 U.S.C. section 1367. In support of removal, defendants allege as follows:

1. On March 9, 2007, plaintiff John Nixon commenced a civil action in the Superior Court entitled "*John Nixon, an individual, Plaintiff,* v. *LTX Corporation, a corporation, and Peter Rood, individually, and Tim Hallock, individually, Defendants,*" Case No. 1-07-CV-081538 (the "Action"). True copies of plaintiff's complaint, the summons issued on the complaint, and other papers issued by the Superior Court at the time are attached to this notice as Exhibit A. Plaintiff never effected service of process of these papers on defendants.

2. On June 11, 2007, plaintiff filed a First Amended Complaint ("FAC") in the Action. True copies of the FAC are attached as Exhibit B to this notice. The allegations of the FAC are incorporated into this notice by this reference without necessarily admitting the truth of any of them. The FAC was the first pleading in the action to raise a federal claim.

3. On July 23, 2007, plaintiff delivered copies of the FAC and related papers to defendants. However, plaintiff did not effect service of process of these on defendants at the time. True copies of the related papers are attached to this notice as Exhibit C.

4. On August 7, 2007, defendants answered the FAC and LTX brought a cross-complaint against plaintiff. True copies of defendants' answer and LTX's cross-complaint are attached to this notice as Exhibit D.

5. Plaintiff names no other defendants in the Complaint, and defendants are informed and believe and on that basis alleges that no other defendant has been served with process in this action.

6. Notice of this removal is being given to both plaintiff and the Superior Court pursuant to 28 U.S.C. section 1446(d).

///

1      7.    Venue of this Action exists in this District pursuant to 28 U.S.C. section 1441(a) because the Superior Court is located within this District.

       8.    Plaintiff's Sixth Cause of Action in the FAC is for "Unpaid Wages" and is brought under the Fair Labor Standards Act, 29 U.S.C. § 200 *et seq.* ("FLSA"), as well as under California state law.

       9.    As the grounds for his Sixth Cause of Action, plaintiff makes the following allegations:

> Plaintiff was promoted by DEFENDANT LTX on or about June 24, 2003, to the position of Manager of Diagnostics and Calibration Verification in its San Jose office. He had been an employee of LTX for many years prior to this appointment. [FAC ¶¶ 7, 39.]
>
> Plaintiff continued in this position until his termination by LTX on October 25, 2005. … [FAC., ¶¶ 8, 39.]
>
> Plaintiff was a non-exempt employee, according to the Industrial Welfare Commission's Wage Order and the Fair Labor Standards Act, because he did not meet the criteria for any of the enumerated exemptions under either state or federal law. [FAC, ¶ 40.]

       10.   Plaintiff prays for relief on his unpaid wages "[p]ursuant to 29 U.S.C.A. § 216, for liquidated damages in the amount of double the amount of wages owed." FAC, ¶ 45.

       11.   Because plaintiff's Sixth Cause of Action arises under the FLSA, this Court has original jurisdiction over this claim pursuant to 29 U.S.C. section 216(b) and 28 U.S.C. section 1331. Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. section 1441(b).

       12.   Pursuant to 28 U.S.C. section 1367(a), the Court also has supplemental jurisdiction over the remaining parts of the FAC and LTX's cross-complaint because they all arise out of the same transactions and occurrences of plaintiff's Sixth Cause of Action, *i.e.*, the terms and conditions of plaintiff's employment at LTX, the termination of plaintiff's employment, and his release of claims against defendants as part of his separation agreement with LTX.

       13.   Accordingly, this action may be removed to this Court based on the Court's original and supplemental jurisdiction.

Dated: August 7, 2007.              JEFFREY D. WOHL
                                    JEFFREY P. MICHALOWSKI
                                    PAUL, HASTINGS, JANOFSKY & WALKER LLP

                                    By:  /s/ Jeffrey D. Wohl
                                              Jeffrey D. Wohl
                                    Attorneys for Defendant/Cross-Complainant
                                    LTX Corporation and Defendants Peter Rood and
                                                  Tim Hallock