# EXHIBIT A

JOHN NOALL NIXON III, IN PROPERIA PERSONA
2099 Brown Ave.
Santa Clara, CA 95051
408-247-7189

ENDORSED
2007 MAR -9 P 2: 35
KIRI TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF SANTA CLARA, CALIFORNIA
BY _____
DEPUTY CLERK
A. FLORESCA

SUPERIOR COURT OF CALIFORNIA,

COUNTY OF SANTA CLARA

SAN JOSE DIVISION

| JOHN NOALL NIXON III, | ) Case No.: 107CV081538 |
|---|---|
| Plaintiff, | ) COMPLAINT |
| v. | ) DEFAMATION, |
|  | ) INTENTIONAL INTERFERENCE WITH |
|  | ) ECONOMIC ADVANTAGE, |
|  | ) INTENTIONAL INTERFERENCE WITH |
|  | ) EMPLOYMENT RELATIONSHIP, |
|  | ) CIVIL CONSPIRACY, |
| LTX CORPORATION, a corporation, and | ) INTENTIONAL INFLICTION OF |
| PETER ROOD, individually, and | ) EMOTIONAL DISTRESS, |
| TIM HALLOCK, individually, | ) CIVIL VIOLATIONS OF LABOR CODE |
| Defendants. | ) 1050 AND 1052. |

TO THE CLERK OF THE SUPERIOR COURT OF SANTA CLARA COUNTY, AND/OR HER AGENTS:

INTRODUCTION

NIXON V. LTX CORPORATION, HALLOCK, ROOD

This arises out of an employee/employer relationship. LTX Corporation, Peter Rood and Tim Hallock, the defendants, allowed employees to commit and did commit acts of Defamation, Intentional Interference with Economic Advantage, Intentional Interference with Employment Relationship, Civil Conspiracy, Intentional Infliction of Emotional

Law Offices
Lawrence & Peck
44 W. Alisal
Salinas, CA
93901

Page 1 of 12

Distress, and violations of California Labor Code §§ 1050 and 1052 against a man, the plaintiff.

## PARTIES

1. Plaintiff, John Noall Nixon III, ["Nixon"] is a natural person residing at 2099 Brown Ave., Santa Clara, California; was a resident of Santa Clara, California during the relevant times of these actions; and is married to Katherine Lynn Welker Nixon.

2. Defendant LTX Corporation ["LTX"] is a corporation doing business at 825 University Avenue, Norwood, MA 02062. LTX was doing business in Westwood, MA during all relevant times of these actions. Peter Rood, a defendant, is a Vice-President of LTX. Peter Rood was employed by LTX during all relevant times of these actions. Tim Hallock, a defendant, is a Vice-President of LTX. Tim Hallock AND Peter Rood were employed by LTX during all relevant times of these actions.

## COUNTS 1-18: **DEFAMATION**

3. Nixon repeats and realleges and incorporates by reference the allegations in paragraphs 1 and 4 above with the same force and effect as if herein set forth.

4. Defendant LTX allowed an employee to publish one or more oral and written false statements, which were intended to impeach Plaintiff Nixon's reputation.

5. The defamatory statements were, including, but not limited to, the following:

Law Offices
Lawrence & Peck
44 W. Alisal
Salinas, CA
93901

a.  On or around November 2005, Tim Hallock of LTX informed Advantest Corporation that Nixon would not make a good employee and should not be hired.

b.  On or around January 2006, Tim Hallock informed Ronnie Chan of Credence Corporation that Nixon would not make a good employee and should not be hired.

c.  On or about March 10, 2006, Tim Hallock told Tom Nguyen of Cisco Systems that Nixon was a "poor performer".

d.  On or about March 10, 2006, Tom Nguyen of Cisco Systems informed Marcy Sumner, a recruiter of Cisco Systems, that Nixon wasn't hired by Cisco because he was a "poor performer".

e.  On or about March 10, 2006, Marcy Sumner, a recruiter for Cisco Systems, informed Nixon that Tom Nguyen wasn't interested because Tom Nguyen had been informed that Nixon was let go because Nixon was a "poor performer".

f.  On or about March 10, 2006, Nixon attempted to mitigate the "poor performance" remark given by Hallock to Nguyen to Sumner, a recruiter for Cisco Systems. Nixon repeated the "poor performance"

Law Offices
Lawrence & Peck
44 W. Alisal
Salinas, CA
93901

comment to Sumner and offered references and his personnel records to prove the falsity of this comment.

g. After March 10, 2006, finding out he had been labeled a "poor performer", Nixon attempted to hire Alex Ferrer, an investigator, for investigation purposes and at this time, Nixon self-published the defamatory remark by Nguyen of Cisco.

h. After Mr. Ferrer said that he could not do investigative work outside of his position at the Monterey County Public Defenders' office, Mr. Ferrer gave Nixon the name of another investigator. Nixon contacted that investigator and self-published the defamatory remark by LTX to Nguyen of Cisco in attempting to hire the investigator.

i. After March 10, 2006, finding out he had been labeled a "poor performer", Nixon hired DRC for investigation purposes and self-published the defamatory remark by Nguyen of Cisco.

j. On or about March 2006, Nixon self-published to Leslie Welker, his sister-in-law, a Park City Police Officer, that he suspected Hallock had blacklisted him and asked her help in placing a prospective employer-of-interest call to Hallock, since Hallock had told Nguyen, of Cisco, Nixon was a "poor performer".

Law Offices
Lawrence & Peck
44 W. Alisal
Salinas, CA
93901

k.  On or about April 2006, Nixon self-published his suspicions of being blacklisted, based on the comments of Nguyen of Cisco, while obtaining financial relief from the Bishop of his church, Boyd K. Alder.

l.  On or about April 2006, Nixon self-published the comments of Hallock to Merrill McFarland while explaining Nixon's need for help in finding a job at Mr. McFarland's company and asking that the company not contact LTX for references.

m.  On or about April 2006, Nixon self-published the comments of Hallock to Henry Cate while explaining Nixon's need for help in finding a job at Mr. Cate's company and asking that the company not contact LTX for references.

n.  On or about April 2006, Nixon self-published the comments of Hallock to Randy Joch, Nixon's former manager, to explain why Nixon was unable to repay a $200 loan to Mr. Joch.

o.  On or about April 2006, Nixon self-published to Cheryl Chevalier at Credence Corporation that one manager at LTX might not give Nixon a good reference, based on Hallock's comment to Nguyen of Cisco.

p.  On or about April 2006, Nixon self-published to Ben Rogel-Favila, Agilent/Verigy that one manager at LTX might not give Nixon a good reference, based on Hallock's comment to Nguyen of Cisco.

Law Offices
Lawrence & Peck
44 W. Alisal
Salinas, CA
93901

q.  During the period between February and April of 2006, Hallock told Tom Kopec, a recruiter, that Nixon had no vision (for LTX) and Hallock would not rehire Nixon. (Mr. Hallock had stated in the investigator's report that he would rehire Mr. Nixon if possible. And Nixon's position was backfilled by February of 2007.)

r.  After the time period in (q), Tom Kopeck told Nixon Hallock's statement.

6. Nixon is not a public figure.

7. The statements imputed by Hallock, an employee of LTX to Nixon, the slurs on Nixon's character and reputation by Hallock, an employee of LTX, the oral statements by Hallock, employee of LTX that Nixon was a "poor performer" and had no vision inflicted emotional distress on Nixon. These comments affected Nixon's reputation and ability to gain employment in the ATE and other industries.

8. The defamatory statements resulted in damages to Nixon.

WHEREFORE, Plaintiff John Noall Nixon III demands judgment against Defendants LTX and Hallock for injunctive relief and actual, special and compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

Law Offices
Lawrence & Peck
44 W. Alisal
Salinas, CA
93901

## COUNT 19: CIVIL CONSPIRACY

9. Nixon repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 4 above with the same force and effect as if herein set forth.

10. On or about January 2006, Tim Hallock did conspire with Ronnie Chan (Chan)/Credence Corporation (Credence) against Nixon. Hallock did state to several employees at LTX that Hallock and Chan of Credence would make it impossible for Nixon to ever work for Credence.

WHEREFORE, Plaintiff John Noall Nixon III demands judgment against Defendants LTX and Hallock for injunctive relief and actual, special and compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNTS 20-22: INTENTIONAL INTERFERENCE WITH ECONOMIC ADVANTAGE

11. Nixon repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 4 above with the same force and effect as if herein set forth.

12. On or around November 2005, Hallock of LTX informed Advantest Corporation that Nixon would not make a good employee and should not be hired. Advantest never called Nixon.

12. On or about January 2006, Tim Hallock did conspire with Chan/Credence against Nixon. Hallock did state to several employees at LTX that Hallock and Chan of Credence would make it impossible for Nixon to ever work for Credence.

Law Offices
Lawrence & Peck
44 W. Alisal
Salinas, CA
93901

13. On or about March 10, 2006, Hallock told Tom Nguyen that Nixon was a "poor performer". Tom Nguyen then told Sumner that he was no longer interested in employing Nixon.

WHEREFORE, Plaintiff John Noall Nixon III demands judgment against Defendants LTX and Hallock for injunctive relief and actual, special and compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT 23-25: <u>INTENTIONAL INTERFERENCE WITH EMPLOYMENT RELATIONSHIP</u>

14. Nixon repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 4 above with the same force and effect as if herein set forth.

16. On or around November 2005, Hallock of LTX informed Advantest Corporation that Nixon would not make a good employee and should not be hired. Advantest never called Nixon.

13. On or about January 2006, Hallock did conspire with Chan/Credence against Nixon. Hallock did state to several employees at LTX that Hallock and Chan of Credence would make it impossible for Nixon to ever work for Credence.

17. On or about March 10, 2006, Hallock told Tom Nguyen that Nixon was a "poor performer". Nguyen then told Sumner that he was no longer interested in employing Nixon.

Law Offices
Lawrence & Peck
44 W. Alisal
Salinas, CA
93901

WHEREFORE, Plaintiff John Noall Nixon III demands judgment against Defendants LTX and Hallock for injunctive relief and actual, special and compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

### COUNT 26: <u>INTENTIONAL INFLICTION OF EMOTIONAL DAMAGES</u>

18. Nixon repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 8 above with the same force and effect as if herein set forth.

19. Defendant Hallock intentionally and deliberately inflicted emotional distress on Nixon by defaming him to many people, including but not limited to the following: several of Nixon's former co-workers and several prospective employers. Hallock is also responsible for Nixon having to self-publish Hallock's remarks about Nixon to others for the above specific reasons.

20. As a result of Hallock's extreme and outrageous conduct, Nixon was, is and with a high degree of likelihood, will continue to be emotionally distressed due to Hallock's defamation of Nixon.

21. As a result of Hallock's extreme and outrageous conduct, Nixon has suffered and will continue to suffer mental pain and anguish, severe emotional trauma, embarrassment and humiliation.

Law Offices
Lawrence & Peck
44 W. Alisal
Salinas, CA
93901

WHEREFORE, Plaintiff John Noall Nixon III demands judgment against Defendants LTX and Hallock for injunctive relief and actual, special and compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

### COUNT 27-28: <u>VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 1050 AND 1052</u>

22. Nixon repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 4 above with the same force and effect as if herein set forth.

23. Nixon alleges that Hallock violated Section 1050 of the California Labor Code by: after having discharged an employee from the service of such person or after an employee has voluntarily left such service, by any misrepresentation prevented or attempted to prevent the former employee from obtaining employment. This violation occurred when Hallock told Nguyen that Nixon was a "poor performer".

24. Nixon alleges that Peter Rood (Rood) violated Section 1052 of the California Labor Code by permitting a manager/employee, Hallock, to commit a violation of section 1050 or failed to take all reasonable steps within his power to prevent such violation. This violation occurred when LTX/Rood did not prevent Hallock from making the "poor performer" statement to Nguyen.

25. Nixon alleges that Hallock violated Section 1050 of the California Labor Code by after having discharged an employee from the service of such person or after an employee has voluntarily left such service, by any misrepresentation prevented or attempted to prevent the former employee from obtaining employment. This

Law Offices
Lawrence & Peck
44 W. Alisal
Salinas, CA
93901

violation occurred when Hallock and Chan conspired that Nixon would not work at Credence.

26. Nixon alleges that Rood violated Section 1052 of the California Labor Code by permitting a manager/employee, Tim Hallock, to commit a violation of section 1050 or failed to take all reasonable steps within his power to prevent such violation. This violation occurred when LTX/Rood did not prevent Hallock from conspiring with Chan to prevent Nixon from gaining employment at Credence.

The defamation claims have actual damages of $141,000 (for a year's worth of lost employment), 40% of benefits lost through unemployment (the figure for 40% over 30% is because of Nixon's health history, it has proven impossible for him to get health insurance and tort law's axiom is that you take the victim as you find him. In this case, Nixon is a higher risk, therefore, a higher amount of benefits is demanded.). That totals $197,400 for Nixon's year of unemployment. Defamation is a treble damage claim for a total of $592,200 per claim. There are 23 claims of defamation that follow Hallock's defamatory comments for a total of $13,620,600 for defamation alone. Violations of Labor Code 1050 and 1052 are also treble actual damages, $592,200 per claim. There are six instances where 1050 and 1052 incurred, for a total of Labor Code violations in the amount of $3,553,200. This amounts to (for just those two claims: Defamation and Violation of the Labor Code), a minimum of $17,173,800.

WHEREFORE, Plaintiff John Noall Nixon III demands judgment against Defendants LTX, Peter Rood and Tim Hallock for injunctive relief and actual, special and

Law Offices
Lawrence & Peck
44 W. Alisal
Salinas, CA
93901

compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

Respectfully submitted,
PLAINTIFF JOHN NOALL NIXON III,
Pro Se

Date: March 1, 2007

Law Offices
Lawrence & Peck
44 W. Alisal
Salinas, CA
93901

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
(AVISO AL DEMANDADO):
~~Peter Rood~~ LTY Corporation, a Corporation and Peter Rood, individually and Tim Hallock, individually
3930 N. 1st Street
San Jose, CA, 95051

**YOU ARE BEING SUED BY PLAINTIFF:**
(LO ESTÁ DEMANDANDO EL DEMANDANTE):
John Noall Nixon III
2099 Brown Ave.
Santa Clara, CA 95051

**FOR COURT USE ONLY**
(SOLO PARA USO DE LA CORTE)

ENDORSED
2007 MAR -9 P 2: 35
KIRI TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF SANTA CLARA, CALIFORNIA
BY_____
DEPUTY CLERK
A. FLORESCA

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form. If you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
(El nombre y dirección de la corte es):
Santa Clara Superior Court
191 N. 1st Street
San Jose, CA

**CASE NUMBER:** (Número del Caso):
107CV081538

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
John Noall Nixon III, In Properia Persona

DATE: MAR 9 2007
(Fecha)

Kiri Torre
Clerk, ~~Chief Executive Officer/Clerk~~
(Secretario)

A. FLORESCA, Deputy
(Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☑ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify): John Noall Nixon III

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☑ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☑ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):
John Noall Nixon, III, IN PROPERIA PERSONA
2099 Brown Ave.
Santa Clara
CA, 95051
TELEPHONE NO.: 408-247-7189   FAX NO.:
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior Court

CASE NAME:
Nixon vs. LTX Corporation, ~~Tim Hallock, Peter Rood~~ Peter Rood, individually and Tim Hallock, individually

**FOR COURT USE ONLY**

ENDORSED
2007 MAR -9 P 2:35
KIRI TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF SANTA CLARA, CALIFORNIA
BY A. FONSECA

CASE NUMBER: 107CV081538
JUDGE:
DEPT:

**CIVIL CASE COVER SHEET**
[✓] Unlimited   [ ] Limited
(Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less)

**Complex Case Designation**
[ ] Counter   [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [✓] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court.
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive

4. Number of causes of action (specify): Five: Defamation, Civil Consp

5. This case [ ] is [✓] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: March 9, 2007
John Noall Nixon III
(TYPE OR PRINT NAME)   ▶   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

American LegalNet, Inc.
www.FormsWorkflow.com

Cal. Rules of Court, rules 3.220, 3.400–3.403;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

**CIVIL LAWSUIT NOTICE**
Superior Court of California, County of Santa Clara
191 N. First St., San Jose, CA 95113

ATTACHMENT A
CASE NUMBER: 107CV081538

**READ THIS ENTIRE FORM**

**PLAINTIFFS** (the person(s) suing): Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

> **DEFENDANTS** (the person(s) being sued): **You must do each of the following to protect your rights:**
> 1. You must file a **written response** to the Complaint, in the clerk's office of the Court, within **30 days** of the date the *Summons* and *Complaint* were served on you;
> 2. You must send a copy of your written response to the plaintiff; and
> 3. You must attend the first Case Management Conference.
>
>    Warning: **If you do not do these three things, you may automatically lose this case.**

**RULES AND FORMS:** You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms. You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: www.sccsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing, 49 N. First St., San Jose (408-293-8177)

For other local information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

**CASE MANAGEMENT CONFERENCE (CMC):** You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC. You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.

Your Case Management Judge is: Joseph Huber                                         DEPT: 8

The first CMC is scheduled as follows: (Completed by Clerk of Court)
    Date: JUL 1 7 2007  Time: 1:30 PM  Dept.: 8

The next CMC is scheduled as follows: (Completed by party if the first CMC was continued or has passed)
    Date: _____  Time: _____  Dept.: _____

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2156) for a list of ADR providers and their qualifications, services, and fees.

**WARNING:** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

Form CV-5012
Rev. 1/01/04

CIVIL LAWSUIT NOTICE

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

< **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< Mediation is an informal, confidential process in which a neutral party (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities they all face. The mediator then helps the parties to explore options and arrive at a mutually acceptable resolution of the dispute. The mediator does not decide the dispute. The parties do.

< Mediation may be appropriate when:
  < The parties want a non-adversary procedure
  < The parties have a continuing business or personal relationship
  < Communication problems are interfering with a resolution
  < There is an emotional element involved
  < The parties are interested in an injunction, consent decree, or other form of equitable relief

-over-

- **Arbitration** is a normally informal process in which the neutral (the arbitrator) decides the dispute after hearing the evidence and arguments of the parties. The parties can agree to binding or non-binding arbitration. Binding arbitration is designed to give the parties a resolution of their dispute when they cannot agree by themselves or with a mediator. If the arbitration is non-binding, any party can reject the arbitrator's decision and request a trial.

    Arbitration may be appropriate when:
    - The action is for personal injury, property damage, or breach of contract
    - Only monetary damages are sought
    - Witness testimony, under oath, is desired
    - An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

- **Neutral evaluation** is an informal process in which a neutral party (the evaluator) reviews the case with counsel and gives a non-binding assessment of the strengths and weaknesses on each side and the likely outcome. The neutral can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

    Neutral evaluation may be appropriate when:
    - The parties are far apart in their view of the law or value of the case
    - The case involves a technical issue in which the evaluator has expertise
    - Case planning assistance would be helpful and would save legal fees and costs
    - The parties are interested in an injunction, consent decree, or other form of equitable relief

- **Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.

    Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

- **Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

    Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; and sports, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, for information about ADR procedures, or for other questions about ADR?*

*Contact:*
Santa Clara County Superior Court
ADR Administrator
408-882-2530

Santa Clara County DRPA Coordinator
408-792-2704

---

ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION

CV-5003 REV 5/06