# EXHIBIT B

1  ~~SESSIONS & KIMBALL LLP~~
   ~~Attorneys at Law~~
2  ~~Richard L. Hutchinson, State Bar No. 092727~~
   ~~23456 Madero, Suite 170~~
3  ~~Mission Viejo, California 92691~~
4
   ~~Tel: (949) 380-0900~~
5  ~~Fax: (949) 380-828~~3
6  ~~Attorneys for Plaintiff~~
7  John Nixon, In Proper
   2099 Brown Ave.
8  Santa Clara, CA  SUPERIOR COURT OF THE STATE OF CALIFORNIA
   95051
9  FOR THE COUNTY OF SANTA CLARA, SAN JOSE DIVISION

| | |
|---|---|
| JOHN NIXON, an individual, | CASE NO.: 107CV081538 |
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR DAMAGES FOR:** |
| vs. | 1. Defamation (California Civil Code § 45 and § 46)<br>2. Violations of Labor Code §1050 & §1052<br>3. Retaliation<br>4. Intentional Infliction of Emotional Distress<br>5. Negligent Infliction of Emotional Damage<br>6. Unpaid Wages<br>7. Civil Conspiracy<br>8. Fraud |
| LTX CORPORATION, a business entity; PETER ROOD, an individual; TIM HALLOCK, an individual, and DOES 1 through 20, inclusive, | |
| Defendants. | **JURY TRIAL DEMANDED** |

Plaintiff, JOHN NIXON, (hereinafter "PLAINTIFF") complains and alleges as follows:

### PRELIMINARY ALLEGATIONS

The amount in controversy exceeds the sum of twenty-five thousand dollars ($25,000), exclusive of interest and costs.

1.  PLAINTIFF is, and at all times herein mentioned was a resident of the State of California, County of Santa Clara

FIRST AMENDED COMPLAINT FOR DAMAGES

2. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT LTX Corporation (hereinafter "LTX") is, and at all times herein mentioned was, a Corporation transacting business in the above-entitled County, State of California.

3. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS PETER ROOD ("ROOD) and TIM HALLOCK ("HALLOCK") were, at all times relevant herein, employed by DEFENDANT LTX.

4. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS, and each and all of them, at all relevant times hereinafter mentioned were the agents, employees, servants, joint venturers, parent companies, successor companies directors, fiduciaries, representatives, and/or co-conspirators of each of the remaining DEFENDANTS. DEFENDANTS, in doing the things hereinafter alleged, were acting within the course and scope of such relationship (unless otherwise alleged) and were responsible in some manner for the occurrences herein alleged and, are a proximate cause of PLAINTIFF'S damages as herein alleged.

5. The true names and capacities of DOES 1 through 20 inclusive, whether individual, corporate, associate are otherwise unknown to PLAINTIFF who therefore sues such defendants by such fictitious names pursuant to California Code of Civil Procedure section 474. PLAINTIFF is informed and believes, and thereon alleges that the DOE DEFENDANTS are California residents. PLAINTIFF will amend this complaint to show their true names and capacities when they have been ascertained.

6. PLAINTIFF is informed and believes, and thereon alleges, that each of the DEFENDANTS designated herein by a fictitious name is negligently, intentionally, or otherwise responsible in some manner for the events and happenings herein referred to, and negligently, intentionally, or otherwise caused the injuries and damages to the PLAINTIFF as hereinafter alleged.

## GENERAL ALLEGATIONS

7. PLAINTIFF was promoted by DEFENDANT LTX on or about June 24, 2003, to

the position of Manager of Diagnostics and Calibration Verification in its San Jose office. He had been an employee of LTX for many years prior to this appointment.

8. PLAINTIFF continued in this position until his termination by LTX on October 25, 2005. Throughout this period, he was qualified to perform the duties of his position, and received exemplary performance evaluations and regular salary increases.

9. Beginning in 2004, PLAINTIFF began raising major design flaw issues that were causing test failures in a project known as VX4. These legitimate issues delayed completion of that project, and (to PLAINTIFF'S information and belief) made PLAINTIFF the object of ROOD'S intent to rid LTX of PLAINTIFF.

10. Thereafter, ROOD, HALLOCK and LTX began a campaign of harassment, retaliation, and defamation against PLAINTIFF that continues to this day.

### FIRST CAUSE OF ACTION
**Defamation**
[As Against All Defendants]

11. On March 10, 2006, PLAINTIFF first reasonably became aware that DEFENDANTS, and each of them, had made defamatory statements about and regarding PLAINTIFF, as follows:

   a) DEFENDANT HALLOCK told Advantest Corporation that PLAINTIFF would not make a good employee and should not be hired.

   b) DEFENDANT HALLOCK told Ronnie Chan of Credence Corporation that PLAINTIFF would not make a good employee and should not be hired.

   c) DEFENDANT HALLOCK told Tom Nguyen of Cisco System that PLAINTIFF was a "poor performer".

   d) More incidents of defamation followed from the above instances. The above are only a few of the acts of the defamation comments inflicted on the PLAINTIFF

12. The intent of Said DEFENDANTS, and each of them, in making such remarks was to damage PLAINTIFF's reputation and to hinder him from gaining useful

employment in his chosen field of endeavor.

13. These words were understood by those who heard them in a way that defamed PLAINTIFF because they claimed that he was not qualified to perform work in his chosen field, whereas he had never been deemed less than a good worker while at LTX.

14. PLAINTIFF has suffered, and continues to suffer, severe and lasting humiliation, embarrassment, and mental anguish, and other incidental and consequential damages and expenses, all to PLAINTIFF'S damage in an amount according to proof at trial.

15. PLAINTIFF has also suffered general damages because of damage to his reputation and the suffering of same and hurt feelings.

16. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS, and each of them, committed the acts described herein deliberately, callously, maliciously, fraudulently and in an oppressive manner intended to injure PLAINTIFF and that such improper motives amounted to malice and a conscious disregard of PLAINTIFF'S rights.

### SECOND CAUSE OF ACTION
### Violation of Labor Code 1050, 1052 and 1054
### [As Against all Defendants]

17. PLAINTIFF hereby realleges and incorporates by reference as if fully set forth herein, the allegations of paragraphs 1 through 16 above.

18. The actions taken by DEFENDANTS, and each of them, as set forth, constituted violations of Labor Code Sections 1050 and 1052, in that the said statements were made with the intent and in an effort to prevent PLAINTIFF from obtaining new employment.

19. As a direct result thereof, PLAINTIFF was in fact prevented from obtaining employment, in violation of Labor Code §1050, suffering damages in an amount to be established at trial.

20. Pursuant to the terms of Labor Code §1054, PLAINTIFF requests that the amount of his actual damages herein be trebled for each instance PLAINTIFF was prevented from obtaining work by DEFENDANTS' comments to PLAINTIFF'S possible employers.

- 4 -

FIRST AMENDED COMPLAINT FOR DAMAGES

### THIRD CAUSE OF ACTION
### Retaliation
### [As Against all Defendants]

21. PLAINTIFF hereby realleges and incorporates by reference as if fully set forth herein, the allegations of paragraphs 1 through 20 above.

22. During the course of PLAINTIFF'S employment at LTX, he raised safety and quality concerns regarding two projects, the VX4 Tester and the FX project. These issues dealt with safety and reliability concerns, and potentially selling defective products to the public.

23. As a result of his expressions of concern, DEFENDANTS, and each of them, initiated a campaign of retaliation against Plaintiff, including denigrating his performance, changing his reporting line, and eventually terminating him, and making defamatory post-termination statements about PLAINTIFF'S job performance. These acts were, inter alia, in violation of Labor Code section 232.5.

24. As a direct, foreseeable and proximate result of the actions and conduct of DEFENDANTS, and each of them, PLAINTIFF has suffered and incurred, and is suffering and incurring, serious harm and damage to PLAINTIFF'S personal and professional reputation and credibility by Defendants subjecting PLAINTIFF to such treatment.

25. As a further direct, foreseeable and proximate result of DEFENDNATS' actions, PLAINTIFF has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to PLAINTIFF'S damage in an amount according to proof at trial, but which exceeds to minimum jurisdiction of this court.

26. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS committed the acts described herein deliberately, callously, maliciously, fraudulently and in an oppressive manner intended to injure PLAINTIFF, was with an improper and evil motive amounting to malice and spite caused by DEFENDANTS' animosity, bias, and hatred of PLAINTIFF, and was done in conscious disregard of PLAINTIFF'S rights.

//

FIRST AMENDED COMPLAINT FOR DAMAGES

### FOURTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### [As Against All Defendants]

27. PLAINTIFF hereby realleges and incorporates by reference as if fully set forth herein, the allegations of paragraphs 1 through 26 above.

28. The conduct set forth herein by DEFENDANTS, and each of them, was extreme and outrageous. In particular, DEFENDANTS, and each of them, engaged in a course of conduct designed to cause PLAINTIFF severe emotional distress by attempting to preclude him from gaining employment in his chosen field, a field in which he had been successfully working for over twenty years, by the use of false and defamatory statements about the quality of his job performance.

29. DEFENDANTS, and each of them, engaged in conduct, which exceeded the normal risks of conduct in an employment relationship.

30. DEFENDANTS, and each of them, knew or should have known that their conduct would cause severe emotional distress.

31. As a further proximate result of DEFENDANTS' actions, and each of them, PLAINTIFF has suffered, and continues to suffer, severe emotional distress and lasting humiliation, embarrassment, and mental anguish, and other incidental and consequential damages and expenses, all to PLAINTIFF'S damage in an amount according to proof at trial.

32. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS committed the acts described herein deliberately, callously, maliciously, fraudulently and in an oppressive manner intended to injure PLAINTIFF, was with an improper and evil motive amounting to malice and spite caused by DEFENDANTS' animosity, bias, and hatred of PLAINTIFF, and was done in conscious disregard of PLAINTIFF'S rights.

33. As a further direct, foreseeable and proximate result of the actions and conduct of DEFENDANTS, and each of them, PLAINTIFF has suffered and incurred, and is suffering and incurring, serious harm and damage to PLAINTIFF'S personal and professional reputation and credibility by DEFENDANTS subjecting PLAINTIFF to such treatment, all to PLAINTIFF'S damage in an amount in excess of the minimum jurisdiction of the Superior Court, according to

proof at trial.

## FIFTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress
### [As Against All Defendants]

34. PLAINTIFF hereby realleges and incorporates by reference as if fully set forth herein, the allegations of paragraphs 1 through 33 above.

35. At all times relevant, LTX was PLAINTIFF's employer.

36. DEFENDANT knew, or should have known, that their failure to exercise due care in the duties and responsibilities as an employer would cause PLAINTIFF severe emotional distress.

37. As a proximate result of DEFENDANTS' actions, and each of them, PLAINTIFF has suffered, and continues to suffer, severe emotional distress and lasting humiliation, embarrassment, and mental anguish, and other incidental and consequential damages and expenses, all to PLAINTIFF'S damage in an amount according to proof at trial.

38. As a proximate result of DEFENDANTS' actions, PLAINTIFF has suffered, and continues to suffer losses of past and future earnings, and other benefits of employment, all to PLAINTIFF'S damage in an amount according to proof at trial, but which exceeds to minimum jurisdiction of this court.

## SIXTH CAUSE OF ACTION
### Unpaid Wages
### (California Labor Code Sections 201-203, 510, 29 U.S.C.A. § 200, *et seq.*)
### [As Against All Defendants]

39. PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 38, inclusive, and incorporates the same herein by reference as though fully set forth herein.

40. PLAINTIFF was a non-exempt employee, according to the Industrial Welfare Commission's Wage Orders and the Fair Labor Standards Act, because he did not meet the criteria for any of the enumerated exemptions under either state or federal law.

41. During his employment with LTX, PLAINTIFF worked overtime hours in excess

- 7 -

FIRST AMENDED COMPLAINT FOR DAMAGES

of eight hours per day and 40 hours per week, as well as on a seventh consecutive day of work, for which he has not received payment, in an amount to be proven at trial.

42. Pursuant to Labor Code section 203, PLAINTIFF is entitled to 30 days' wages as a penalty for Defendants' wrongful refusal to pay all wages owed to him upon demand.

43. Pursuant to Labor Code section 1194, PLAINTIFF requests that the Court award PLAINTIFF reasonable attorney's fees and costs incurred in this action for overtime wages.

44. Pursuant to Labor Code section 218.6, PLAINTIFF requests that the Court award PLAINTIFF interest on all due and unpaid wages, at the legal rate specified by Civil Code section 3289(b), accruing from the date the wages were due and payable.

45. Pursuant to 29 U.S.C.A. § 216, for liquidated damages in the amount of double the amount of wages owed.

46. PLAINTIFF hereby realleges and incorporates by reference as if fully set forth herein, the allegations of Paragraphs 1 through 45 above.

### SEVENTH CAUSE OF ACTION
### Civil Conspiracy
### [As Against All Defendants]

47. PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 46, inclusive, and incorporates the same herein by reference as though fully set forth herein.

48. PLAINTIFF is informed and believes, and based upon such information and belief alleges, that DEFENDANT HALLOCK and Mr. Ronnie Chan of Credence Information Systems entered into and formed a conspiracy, intended to deny PLAINTIFF the opportunity to fairly compete and gain employment at Credence and in his expert field within the ATE industry.

49. The wrongful acts underlying the Civil Conspiracy perpetuated by Chan and HALLOCK were defamation as set forth above, and intentional interference with prospective

employment.

50. As a direct, foreseeable and proximate result of the actions and conduct of this conspiracy, PLAINTIFF has suffered and incurred, and is suffering and incurring, serious harm and damage to PLAINTIFF'S personal and professional reputation and credibility by DEFENDANTS' subjection of PLAINTIFF to such treatment.

51. As a further direct, foreseeable and proximate result of DEFENDANTS' actions, PLAINTIFF has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to PLAINTIFF'S damage in an amount according to proof at trial, but which exceeds to minimum jurisdiction of this court.

52. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS, and each of them, committed the acts described herein deliberately, callously, maliciously, fraudulently and in an oppressive manner intended to injure PLAINTIFF, was with an improper and evil motive amounting to malice and spite caused by DEFENDANTS' animosity, bias, and hatred of PLAINTIFF, and was done in conscious disregard of PLAINTIFF'S rights.

### EIGHTH CAUSE OF ACTION
Fraud
[As Against Defendant LTX]

53. PLAINTIFF repeats and realleges each and every allegation contained in paragraphs 1 through 52, inclusive, and incorporates the same herein by reference as though fully set forth herein.

54. Throughout the period of PLAINTIFF's employment, DEFENDANT LTX owed PLAINTIFF a duty to classify him properly as exempt or not exempt from overtime laws. This obligation is found, inter alia, in California Labor Code §206.5.

55. DEFENDANT LTX, throughout the period of Plaintiff's employment, made

- 9 -

FIRST AMENDED COMPLAINT FOR DAMAGES

specific written and oral representations to Plaintiff that he was an employee exempt from overtime laws.

56. At the time these representations were made, DEFENDANT LTX knew these statements and representations to be false, and that in fact PLAINTIFF was not exempt from overtime laws and was, in fact, entitled to overtime and rest break pay under California law.

57. PLAINTIFF did not and could not in the exercise of reasonable care and prudence have discovered these misrepresentations at the time they were made to him, and in fact did not discover their falsity until after his employment at LTX ended.

58. DEFENDANT LTX made these said representations to PLAINTIFF with the purpose and intent that PLAIINTIFF rely on them, in that he not seek overtime compensation or other payments to which he was entitled under California law.

59. PLAINTIFF did in fact rely on these representations, and did not seek to obtain overtime compensation to which he was properly entitled under California law.

60. As a result of PLAINTIFF'S justifiable reliance on these representations, he has been damaged in an amount to be proven at trial, but within the jurisdictional limit of this Court, equivalent to the amount of unpaid overtime wages he was illegally denied during the entire term of his employment at LTX.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF demands judgment against DEFENDANTS, and each of them, as follows:

1. As to all causes of action, for consequential and incidental damages and expenses in an amount according to proof at trial;

2. As to all causes of action, for pre-judgment and post-judgment interest, all at the legal prevailing rate;

3. As to all causes of action, for general and special damages, including but not limited to, pain and suffering, emotional distress, loss of reputation, and medical

expenses in an amount according to proof at trial;

4. As to the, attorneys' fees pursuant to statute;

5. For costs of suit; and

6. For such other and further relief as the Court may deem just, proper, and equitable.

DATED: June 11, 2007

By: /s/ JOHN NOALL NIXON III
JOHN NOALL NIXON III

## JURY TRIAL DEMAND

PLAINTIFF hereby demands his constitutional right to trial by jury for all triable issues in the above-entitled action.

DATED: June 11, 2007

By: /s/ JOHN NOALL NIXON III
JOHN NOALL NIXON III

FIRST AMENDED COMPLAINT FOR DAMAGES