# EXHIBIT D

1  JEFFREY D. WOHL (Cal. State Bar No. 96838)
   JEFFREY P. MICHALOWSKI (Cal. State Bar No. 248073)
2  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   55 Second Street, 24th Floor
3  San Francisco, California 94105
   Telephone: (415) 856-7000
4  Facsimile: (415) 856-7100
   jeffwohl@paulhastings.com
5  jeffmichalowski@paulhastings.com

6  Attorneys for Defendants
   LTX Corporation, Peter Rood, and Tim Hallock
7

8

9                    SUPERIOR COURT OF CALIFORNIA

10                       COUNTY OF SANTA CLARA

11

12 | JOHN NIXON, an individual,              | No. 1-07-CV-081538
13 |              Plaintiff,                  | **DEFENDANTS LTX CORPORATION, PETER ROOD, AND TIM HALLOCK'S ANSWER TO PLAINTIFF JOHN NIXON'S UNVERIFIED FIRST AMENDED COMPLAINT OF DAMAGES**
14 |        vs.                               |
15 | LTX CORPORATION, a corporation,          |
   | and PETER ROOD, individually, and        |
16 | TIM HALLOCK, individually,               |
17 |              Defendants.                 |

LEGAL_US_W # 56790003.1

DEFENDANTS' ANSWER TO UNVERIFIED COMPLAINT FOR DAMAGES

Defendants LTX Corporation ("LTX"), Peter Rood ("Rood"), and Tim Hallock ("Hallock"), for themselves alone and no other defendant, hereby answers the First Amended Complaint (the "Complaint") of plaintiff John Nixon as follows:

## **GENERAL DENIAL**

1. Pursuant to section 431.30(d) of the California Code of Civil Procedure, defendants deny, generally and specifically, each and every allegation in the Complaint.

2. Defendants further deny, generally and specifically, that plaintiff has been or will be damaged in any sum, or at all, by reason of any act or omission on the part of defendants or any of defendants' past or present agents, representatives, or employees; or that plaintiff is entitled to the relief requested.

## **DEFENSES**

Without admitting any facts alleged by plaintiff, defendants also raise the following separate defenses to the complaint:

1. The Complaint, and each of its causes of action, fails to allege facts constituting a cause of action.

2. The Complaint, and each of its causes of action, fails because on or about November 17, 2005, plaintiff signed a valid release of claims, thereby extinguishing his rights to bring the claims he asserts, and covenanted not to assert those claims.

3. The Complaint, and each of its causes of action, fails because plaintiff has not tendered back the consideration provided to him for his release of claims and covenant not to sue, and therefore plaintiff has ratified the release and covenant not to sue and cannot now avoid it.

4. LTX is entitled to an offset against any damages recoverable by plaintiff based on LTX's right to recover the consideration that LTX paid for plaintiff's release of claims and covenant not to sue which has been breached by plaintiff's assertion of his causes of action against defendants, and for the damages caused to LTX as a proximate result of plaintiff's breach of his release and covenant not to sue.

5. The Complaint, and each of its causes of action, is barred in whole or in part by all applicable statutes of limitation, including but not limited to California Code of Civil Procedure

1  sections 335.1, 338, and 340, and/or 29 U.S.C. section 255.

2        6.    The Complaint, and each of its causes of action, is barred by the doctrine of
3  unclean hands.

4        7.    The Complaint, and each of its causes of action, is barred in whole or in part
5  because defendants had an honest, good-faith belief that all decisions with respect to plaintiff's
6  employment were made by defendants solely for legitimate, business-related reasons and were
7  reasonably based upon the facts as defendants understood them.

8        8.    The Complaint, and each of its causes of action, fails against Rood and Hallock
9  because they may not be held individually liable for actions taken within the course and scope of
10 their managerial responsibilities under the managerial immunity doctrine.

11       9.    Plaintiff has failed to mitigate or reasonably attempted to mitigate his damages, if
12 any, and any recovery plaintiff otherwise would be entitled to should be precluded or reduced
13 accordingly.

14       10.    Plaintiff is estopped from pursuing the claims in the Complaint, and each of its
15 causes of action, by reason of plaintiff's own actions and course of conduct.

16       11.    Plaintiff has waived the right, if any, to pursue the Complaint, and each of its
17 causes of action, by reason of plaintiff's own actions and course of conduct.

18       12.    The Complaint, and each of its causes of action, is barred because any recovery
19 from defendants would result in plaintiff's unjust enrichment.

20       13.    Plaintiff's First Cause of Action for Defamation and his Second Cause of Action
21 for Violation of Labor Code §§ 1050 and 1052 are not actionable because statements, if any,
22 made by defendants concerning plaintiff were privileged pursuant to California Civil Code
23 section 47(c) and California Labor Code section 1053.

24       14.    Plaintiff's First Cause of Action for Defamation and his Second Cause of Action
25 for Violation of Labor Code §§ 1050 and 1052 are not actionable because statements, if any,
26 made by defendants concerning plaintiff were true.

27       15.    Plaintiff's First Cause of Action for Defamation and his Second Cause of Action
28 for Violation of Labor Code §§ 1050 and 1052 are not actionable because statements, if any,

LEGAL_US_W # 56790003.1     -2-

DEFENDANTS' ANSWER TO UNVERIFIED COMPLAINT FOR DAMAGES

made by defendants concerning plaintiff were non-actionable statements of opinion.

16. Plaintiff's First Cause of Action for Defamation and his Second Cause of Action for Violation of Labor Code §§ 1050 and 1052 are not actionable because plaintiff consented to publication of the allegedly defamatory statements.

17. Plaintiff's First Cause of Action for Defamation and his Second Cause of Action for Violation of Labor Code §§ 1050 and 1052 are not actionable because statements, if any, made by defendants about plaintiff constituted comments and opinions that were published without malice, in good faith, and without any degree of fault as required by the United States Constitution. Accordingly, said matters are, in all respects, privileged under the first and fourteenth amendments to the Constitution of the United States and article 1, section 2 of the Constitution of California and can provide no basis for a claim for damages.

18. Plaintiff's First Cause of Action for Defamation and his Second Cause of Action for Violation of Labor Code §§ 1050 and 1052 are not actionable because statements, if any, made by defendants regarding plaintiff were not defamatory on their face, and plaintiff has failed to allege proximately resulting damages with the requisite specificity as required by California Civil Code section 45(a).

19. Plaintiff's Complaint, and each of its causes of action, is barred because all of defendants' alleged actions were taken solely for legitimate, business-related reasons that were neither arbitrary, capricious, or unlawful nor related to plaintiff's alleged exercise of his rights under California Labor Code section 232.5.

20. Plaintiff's Third, Fourth, and Fifth Causes of Action are barred plaintiff did not satisfy and/or breached his statutory obligations as provided in the California Labor Code, including but not limited to California Labor Code sections 2854 and 2856-2859.

21. Plaintiff's Third Cause of Action is barred because defendants did not commit the acts or omissions as alleged in the Complaint for retaliatory motives, but assuming that they did, such acts or omissions would have been taken in any event for legitimate, non-retaliatory non-pretextual reasons.

22. Plaintiff's Third Cause of Action for Retaliation is barred because defendants

exercised reasonable care to prevent and correct promptly retaliatory behavior, if any.

23. Plaintiff's Third Cause of Action for Retaliation is barred because plaintiff failed to notify the appropriate management personnel of the allegedly improper conduct that forms the basis of the cause of action.

24. Plaintiff's Third Cause of Action for Retaliation is barred because plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by defendant or to avoid harm otherwise.

25. Plaintiff's Fourth and Fifth Causes of Action for Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Damage are barred because plaintiff's exclusive remedy for those claims is workers' compensation.

26. Plaintiff's Sixth Cause of Action for Unpaid Wages is barred because, at all times material to the Complaint, plaintiff was properly classified as exempt from overtime and related wage-and-hour laws, under including, but not necessarily limited to, California Labor Code sections 515(a) and 515.5(a), California Industrial Welfare Commission Wage Order 4-2001 paragraphs 1(A)(1) (executive exemption), 1(A)(2) (administrative exemption), and/or 1(A)(3)(h) (computer professional exemption); and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 213(a)(1) (executive and administrative exemptions); and/or § 213(a)(17) (computer professional exemption).

27. Plaintiff's Sixth Cause of Action for Unpaid Wages, to the extent that it seeks waiting-time penalties under California Labor Code section 203, is barred because defendants did not willfully fail to pay to plaintiff all final wages due to him on termination.

28. Plaintiff's Sixth Cause of Action for Unpaid Wages, to the extent that it seeks liquidated damages, is barred because defendants did not willfully fail to comply with the FLSA, but rather acted in good faith and had reasonable grounds for believing that defendants were in compliance with the FLSA.

29. Plaintiff's Seventh Cause of Action for Fraud is barred because at all times material to the Complaint, plaintiff was aware of the true facts of the matters he alleges.

30. Plaintiff's Seventh Cause of Action for Fraud is barred because at all times

material to the Complaint, plaintiff did not reasonably rely on any representation that he alleges defendants made.

31.     Plaintiff is not entitled to recover any punitive or exemplary damages, and any allegations with respect to those damages should be stricken, because at all times relevant in the complaint LTX had one or more policies in place to prohibit the conduct alleged by plaintiff and defendants acted in good-faith reliance on that policy or those policies in their conduct towards plaintiff.

32.     Plaintiff is not entitled to recover any punitive or exemplary damages, and any allegations with respect to those damages should be stricken, because California's laws regarding the alleged conduct in question in this action are too vague to permit the imposition of punitive damages, and because any award of punitive or exemplary damages under California law in general, and/or any such award under California law as applied to the facts in this case, would violate defendants' constitutional rights under provisions of the United States and California Constitutions, including, but not limited to, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment to the United States Constitution.

## **RELIEF REQUESTED**

Defendants asks the Court to enter judgment in favor of defendants and against plaintiff, to award to plaintiff nothing on the Complaint and instead to dismiss the Complaint with prejudice, and to award to defendants their costs of suit, including reasonable attorneys' fees, and such further or other relief as the Court may deem proper.

Dated: August 7, 2007.            JEFFREY D. WOHL
                                  JEFFREY P. MICHALOWSKI
                                  PAUL, HASTINGS, JANOFSKY & WALKER LLP

                                  By: /s/ Jeffrey D. Wohl
                                          Jeffrey D. Wohl
                                       Attorneys for Defendants
                                    LTX Corporation, Peter Rood, and
                                            Tim Hallock

1  JEFFREY D. WOHL (Cal. State Bar No. 96838)
   JEFFREY P. MICHALOWSKI (Cal. State Bar No. 248073)
2  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   55 Second Street, 24th Floor
3  San Francisco, California  94105
   Telephone: (415) 856-7000
4  Facsimile: (415) 856-7100
   jeffwohl@paulhastings.com
5  jeffmichalowski@paulhastings.com

6  Attorneys for Defendant/Cross-Complainant
   LTX Corporation and Defendants Peter Rood and Tim Hallock
7

8

9                       SUPERIOR COURT OF CALIFORNIA

10                         COUNTY OF SANTA CLARA

11

12 | JOHN NIXON, an individual,              | No. 107CV081538

13 |          Plaintiff,                     | **DEFENDANT LTX CORPORATION'S CROSS-COMPLAINT AGAINST PLAINTIFF JOHN NIXON III FOR BREACH OF CONTRACT**
14 |     vs.                                 |
15 | LTX CORPORATION, a corporation,         |
   | PETER ROOD, individually, and TIM       | **JURY DEMANDED**
16 | HALLOCK, individually                   |

17 |          Defendants.                    |

18 | LTX CORPORATION, a corporation,         |
19 |
   |          Cross-Complainant,             |
20 |
   |     vs.                                 |
21 |
   | JOHN NIXON III, an individual, and      |
22 | Does 1-10,                              |

23 |          Cross-Defendants.              |

24

25

26

27

28

LEGAL_US_W # 56791676.1

DEFENDANT LTX CORPORATION'S CROSS-COMPLAINT AGAINST PLAINTIFF JOHN NIXON III

Defendant LTX Corporation ("LTX"), assuming the position of cross-complainant, cross-complains against plaintiff John Nixon III ("Nixon") and Does 1-10 and alleges as follows:

### THE PARTIES

1. Nixon, an individual, is a former employee of LTX. Nixon is the plaintiff in the underlying action.

2. LTX, a corporation that is duly licensed to engage in business in the State of California, is the defendant in the underlying action.

3. LTX currently is unaware of the names or capacities of the defendants identified as "Does 1-10," and therefore sues them under those fictitious names. LTX reserves the right to amend this cross-complaint to name Does 1-10 once their names and capacities become known. LTX is informed and believes and on that basis alleges that Nixon and Does 1-10 were each other's servants, agents, or employees, and committed the acts and omissions alleged in this cross-complaint in the course and scope of that service, agency, or employment. Accordingly, Nixon and Does 1-10 are each liable for the acts and omissions alleged in this cross-complaint.

### JURISDICTION AND VENUE

4. The Court has jurisdiction over this cross-complaint because it arises from the transactions and occurrences alleged in Nixon's complaint and First Amended Complaint in this action.

5. Venue is properly situated in the County of Santa Clara because Nixon commenced his action against LTX in the County of Santa Clara and the acts and omissions alleged in this cross-complaint, including the formation of the contract, LTX's performance under the contract, and Nixon's breach of the contract all occurred in the County of Santa Clara.

### ALLEGATIONS

6. On or about October 25, 2005, in connection with the termination of his employment with LTX, LTX offered to Nixon a written Enhanced Separation Benefits Agreement (the "ESB Agreement"), a true copy of which is attached to this cross-complaint as Exhibit A.

7. On or about November 17, 2005, Nixon accepted the ESB Agreement.

8. Under the ESB Agreement, in return for LTX's payment to Nixon of valuable benefits to which he otherwise was not entitled, including but not limited to 25 weeks of salary continuation, 25 weeks of continued medical and dental insurance coverage, and outplacement services, the fair and reasonable value of which is $76,037.85, Nixon agreed, *inter alia*, to release all claims existing at the time of his acceptance of the ESB Agreement against LTX and its employees, including Peter Rood ("Rood") and Tim Hallock ("Hallock"), and not to sue LTX and its employees, including Rood and Hallock, on those released claims. Nixon further agreed under the ESB Agreement that in the event he breached his obligations under the ESB Agreement, LTX would be entitled to recover the benefits provided to Nixon under the agreement and the costs and attorneys' fees that LTX, Rood, and Hallock incurred defending against Nixon's claims.

9. On or about March 9, 2007, Nixon commenced this action. On or about June 11, 2007, Nixon filed his First Amended Complaint in this action. In both pleadings, he named LTX, Rood, and Hallock as defendants.

10. In at least his First Amended Complaint and, depending on the specifics of his allegations which LTX has not yet discovered, possibly in his original complaint, Nixon sues LTX, Rood, and Hallock on claims that under the ESB Agreement he released and on which he covenanted he would not sue.

11. By commencing and prosecuting this action, and asserting the claims raised in his First Amended Complaint and possibly his original complaint, Nixon breached the ESB Agreement.

12. LTX has performed all of its obligations under the ESB Agreement or any failure to perform any obligations it has under the ESB Agreement has been waived by Nixon.

13. As a proximate result of Nixon's breach of the ESB Agreement, LTX has been damaged and is entitled to recover the benefits provided to Nixon under the agreement, as well as the costs and attorneys' fees it has incurred and will incur in defending itself, Rood, and Hallock against Nixon's claims in this action.

**RELIEF REQUESTED**

LTX asks the Court to enter judgment in its favor and against Nixon and Does 1-10 on

LEGAL_US_W # 56791676.1                     -2-

DEFENDANT LTX CORPORATION'S CROSS-COMPLAINT AGAINST PLAINTIFF JOHN NIXON III

this cross-complaint, awarding to LTX (1) damages in the amount of $76,037.85, which represents the value of the benefits provided to Nixon under the ESB Agreement; (2) interest accrued on the damages awarded to LTX at the maximum legal rate since at least March 9, 2007; (3) the costs and attorneys' fees incurred and to be incurred by LTX in defending itself, Rood, and Hallock against Nixon's claims in the underlying action; and (4) such further or other relief as the Court may deem proper.

Dated:  August 7, 2007.

JEFFREY D. WOHL
JEFFREY P. MICHALOWSKI
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By:  /s/ Jeffrey D. Wohl
Jeffrey D. Wohl
Attorneys for Defendant/Cross-Complainant
LTX Corporation and Defendants Peter Rood
and Tim Hallock

## JURY DEMAND

Defendant LTX Corporation demands trial by jury on all issues triable by a jury on its cross-complaint.

Dated:  August 7, 2007.

JEFFREY D. WOHL
JEFFREY P. MICHALOWSKI
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By:  /s/ Jeffrey D. Wohl
Jeffrey D. Wohl
Attorneys for Defendant/Cross-Complainant
LTX Corporation and Defendants Peter Rood
and Tim Hallock

# EXHIBIT A

 **LTX** CORPORATION

University Avenue
Westwood
Massachusetts
02090-2306
t 781 461 1000
f 781 326 4883
www.ltx.com

October 25, 2005

John Nixon III
2099 Brown Avenue
Santa Clara, CA 95051

Re:   Enhanced Separation Benefits Agreement

Dear John:

As you have been informed, your employment with LTX Corporation (LTX) unfortunately is being terminated effective October 25, 2005 as a result of the Company's reduction-in-force due to adverse business conditions. This letter sets forth the standard separation benefits you will receive on account of the termination of your employment. In addition, if you accept the Enhanced Separation Benefits Agreement set forth in this letter you will receive additional separation benefits outlined below.

Standard Separation Benefits

You have already received or will receive your earned salary and accrued and unused vacation through your termination date. In addition, you have received or will receive, by separate cover, information regarding continuation of your health insurance under COBRA and (if applicable) your retirement benefits.

Enhanced Separation Benefits

As you have also been informed, LTX is offering to its employees displaced by this action the opportunity to receive enhanced separation benefits in return for your acceptance of this Agreement, including its release of claims. THIS IS AN IMPORTANT LEGAL DOCUMENT. YOU ARE ADVISED TO CONSULT AN ATTORNEY ABOUT IT PRIOR TO SIGNING. DO NOT SIGN THIS AGREEMENT UNLESS YOU UNDERSTAND ALL OF ITS TERMS AND VOLUNTARILY AGREE TO ACCEPT IT.

Page 2

The terms of the Agreement are as follows:

1. Although you are not otherwise entitled to it, in consideration of your acceptance of this Agreement, LTX will pay (a) additional salary continuation (less applicable payroll tax deductions and withholdings), (b) continued medical and dental insurance coverage (subject to continuation of your current employee contribution), and (c) outplacement services, each as set forth in the attached Enhanced Separation Benefits Agreement Information Sheet.

2. You have returned or will immediately return to LTX any information that you have about LTX or any of its customer lists, customer business needs or procedures, trade secrets, and product marketing, including but not limited to reports, memoranda, or other copies, extracts or summaries of such items, as well as all other property of LTX. You represent that after the effective date of the termination of your employment, you will not have in your possession, custody or control any such matters.

3. In consideration of the enhanced separation benefits you will receive, you waive and release any and all claims that exist as of the time you execute this Agreement and that you have or might have against LTX Corporation and its predecessors, subsidiaries, related entities, officers, directors, shareholders, agents, attorneys, employees, successors, or assigns, arising from or related to your employment with LTX Corporation and/or the termination of your employment with LTX Corporation.

These released claims include, but are not limited to, claims arising under federal, state and local statutory or common law, such as the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, the California Fair Employment and Housing Act, and the law of contract and tort.

Your release of claims does not, however, include the following:

    a. claims for worker's compensation benefits;
    b. claims for unemployment insurance benefits;
    c. claims for already-vested benefits under LTX's benefit plans; or
    d. claims that arise after you accept this Agreement.

Nothing in this Agreement and Release shall be construed to affect the Equal Employment Opportunity Commission's ("Commission") independent right and responsibility to enforce the law. You understand, however, that, while this Agreement and Release does not affect your right to file a charge or participate in an investigation or proceeding conducted by the Commission, it does bar any claim you might have to receive monetary damages in connection with any Commission proceeding concerning matters covered by this Agreement and Release.

Page 3

You also waive and release all of the claims described (and not excluded) above, even if you do not believe that you have such claims. You therefore waive your rights under section 1542 of the Civil Code of California which states:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known to him must have materially affected his settlement with the debtor.

4. You will not, unless required or otherwise permitted by law, disclose to others any information regarding LTX Corporation or any of its customer's practices, procedures, trade secrets, customer lists or product marketing.

You will not engage in any unethical or improper conduct which might impair LTX's business, interfere with its customer relationships or disrupt its employee relations. Without limitation of the foregoing, you will not make any negative, disparaging or derogatory remarks about LTX, its officers or its employees.

You also will not, for a period of one year from the date of this Agreement, recruit or otherwise solicit or induce any employee of LTX or any of its subsidiaries to terminate their employment with, or otherwise cease their relationship with, LTX or any of its subsidiaries.

These provisions are in addition to any existing legal obligation you owe to LTX with respect to these matters and any prior agreements regarding protection of confidential information and assignment of inventions.

5. In the event that you breach any of your obligations under this Agreement or as otherwise imposed by law, LTX will be entitled to recover the benefits paid under this Agreement and to obtain all other relief provided by law or equity. If you breach this Agreement by suing LTX or those associated with LTX on any claim released under paragraph 3, to the extent provided by law you will pay all costs and expenses of defending against the suit incurred by LTX or those associated with LTX, including attorneys' fees.

6. You have 45 days from the date of this letter, or until December 9, 2005, by which to accept this Agreement, although you may accept it at anytime within that 45-day period. (If the Agreement is not accepted by this due date, it will be automatically withdrawn.)

Page 4

To accept this Agreement, date and sign below where indicated and return the Agreement to me. (An extra copy is enclosed for your records.) Once you accept the Agreement, you will have an additional 7 days in which to revoke your acceptance, which you may do by submitting to me a written statement of revocation. If this 7 day period passes without your revocation, this Agreement will become final. Your enhanced separation benefits will be paid as salary continuation after the Agreement becomes final.

If you have any questions regarding the above, please contact me directly at (781) 467-5326.

LTX Corporation and I wish you every success in your future endeavors.

Sincerely,

LTX Corporation

*/s/ Richard L. Bove/*

Richard L. Bove
Vice President, Human Resources.

BY SIGNING BELOW, I ACKNOWLEDGE THAT I HAVE READ THIS AGREEMENT, I UNDERSTAND ITS TERMS, I HAVE HAD THE OPPORTUNITY TO CONSULT WITH AN ATTORNEY OF MY CHOICE BEFORE SIGNING, AND I ACCEPT THIS AGREEMENT KNOWINGLY AND VOLUNTARILY.

_____     ____11/7/05____
Employee                          Date
John N. Nixon III

**LTX CORPORATION**
**ENHANCED SEPARATION BENEFITS AGREEMENT**
**INFORMATION SHEET**

Employee:    John Nixon III

Your enhanced separation benefits will include:

**Salary Continuation:**
Six weeks salary plus an additional one week of salary for each consecutive full year you have been employed by LTX through your employment termination date, for a total of 25 weeks of additional salary, less applicable tax deductions and withholdings.

**Continued Medical and Dental Insurance Coverage:**
25 weeks of continued medical and dental insurance coverage, subject to your payment by salary deduction of your current employee contribution rate. Such contribution rate may be subject to change effective January 1, 2006, due to normal rate increases.

**Outplacement Services:**
You will receive outplacement services with Torchiana, Mastrov and Sapiro, Inc. This includes a two-day career transition workshop.

1  JEFFREY D. WOHL (Cal. State Bar No. 96838)
   JEFFREY P. MICHALOWSKI (Cal. State Bar No. 248073)
2  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   55 Second Street, 24th Floor
3  San Francisco, California 94105
   Telephone: (415) 856-7000
4  Facsimile: (415) 856-7100
   jeffwohl@paulhastings.com
5  jeffmichalowski@paulhastings.com

6  Attorneys for Defendant/Cross-Complainant
   LTX Corporation and Defendants Peter Rood and Tim Hallock

7

8

9                    SUPERIOR COURT OF CALIFORNIA

10                      COUNTY OF SANTA CLARA

11

12  JOHN NIXON, an individual,           No. 107CV081538

13              Plaintiff,                PROOF OF SERVICE

14       vs.

15  LTX CORPORATION, a corporation,
    PETER ROOD, individually, and TIM
16  HALLOCK, individually

17              Defendants.

18  
    LTX CORPORATION, a corporation,
19
                Cross-Complainant,
20
         vs.
21
    JOHN NIXON III, an individual, and
22  Does 1-10,

23              Cross-Defendants.

24

25

26

27

28
    LEGAL_US_W # 56802253.1

                          PROOF OF SERVICE

ENDORSED
2007 AUG -7  AM 11:10
KIRI TORRE, CEO
SUPERIOR COURT OF CA.
CO. OF SANTA CLARA
BY_____ CHOPOFF DEPUTY

BY FAX

1  I am employed in the City of San Francisco and County of San Francisco, State of California. I am over the age of 18, and not a party to the within action. My business address is 55 Second Street, Twenty-Fourth Floor, San Francisco, California 94105-3441.

On August 7, 2007, I served the following documents described as:

- **DEFENDANTS LTX CORPORATION, PETER ROOD, AND TIM HALLOCK'S ANSWER TO PLAINTIFF JOHN NIXON'S UNVERIFIED FIRST AMENDED COMPLAINT OF DAMAGES**

- **DEFENDANT LTX CORPORATION'S CROSS-COMPLAINT AGAINST PLAINTIFF JOHN NIXON III FOR BREACH OF CONTRACT**

on the interested parties by placing true and correct copies thereof in an envelope addressed as follows:

John Noall Nixon, III             *In Properia Persona*
2099 Brown Avenue
Santa Clara, CA 95051

☐ **VIA OVERNIGHT MAIL:**

VIA _____:By delivering such document(s) to an overnight mail service or an authorized courier in a sealed envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served.

☒ **VIA U.S. MAIL:**

I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice the envelope would be sealed and deposited with the U.S. Postal Service on August 7, 2007 with postage thereon fully prepaid, at San Francisco, California.

☐ **VIA PERSONAL DELIVERY:**

I personally delivered such sealed envelope(s) by hand to the offices of the addressee(s) pursuant to CCP § 1011.

☐ **VIA FACSIMILE:**

The facsimile transmission report indicated that the transmission was complete and without error. The facsimile was transmitted to Facsimile # _____ on August 7, 2007 at _____. A copy of that report, which was properly issued by the transmitting machine, is attached hereto. **[Permitted by written agreement of the parties.]**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 7, 2007, at San Francisco, California.

*/s/ Meredith A. Mitchell*
Meredith A. Mitchell

LEGAL_US_W # 56802253.1

PROOF OF SERVICE