1  JEFFREY D. WOHL (Cal. State Bar No. 96838)
   JEFFREY P. MICHALOWSKI (Cal. State Bar No. 248073)
2  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   55 Second Street, 24th Floor
3  San Francisco, California  94105
   Telephone: (415) 856-7000
4  Facsimile: (415) 856-7100
   jeffwohl@paulhastings.com
5  jeffmichalowski@paulhastings.com

6  Attorneys for Defendant/Cross-Complainant
   LTX Corporation and Defendants Peter Rood and Tim Hallock
7

8

9                      UNITED STATES DISTRICT COURT

10                    NORTHERN DISTRICT OF CALIFORNIA

11

12 | JOHN NIXON, an individual,                       | No.  C-07-04055-RS

13 |         Plaintiff,                               | **APPLICATION FOR CLERK TO ENTER DEFAULT AND DEFAULT JUDGMENT AGAINST PLAINTIFF AND CROSS-DEFENDANT JOHN NIXON III ON CROSS-COMPLAINANT LTX CORPORATION'S CROSS-COMPLAINT; DECLARATION OF JEFFREY D. WOHL IN SUPPORT OF APPLICATION FOR DEFAULT AND DEFAULT JUDGMENT**

14 |     vs.

15 | LTX CORPORATION, a corporation, and
   | PETER ROOD, individually, and TIM
16 | HALLOCK,

17 |         Defendants.

18

19 | LTX CORPORATION, a corporation,

20 |         Cross-Complainant,

21 |     vs.

22 | JOHN NIXON III, an individual, and Does 1-10,

23

   |         Cross-Defendants.
24

25

26

27

28

LEGAL_US_W # 57039408.1

APPLICATION FOR DEFAULT; WOHL DECL.
U.S.D.C., N.D. Cal., No. C-07-04055-RS

1

**APPLICATION FOR ENTRY OF DEFAULT**

To the Clerk of Court:

Pursuant to Rule 55(a), Federal Rules of Civil Procedure, defendant and cross-complainant LTX Corporation ("LTX") hereby applies to the Clerk to enter a default against plaintiff and cross-defendant John Nixon III on LTX's cross-complaint in this action for the reasons set forth in the following Declaration of Jeffrey D. Wohl in Support of Defendant Cross-Complainant LTX Corporation's Application for Clerk's Entry of Default and Default Judgment Against Plaintiff and Cross-Defendant John Nixon III.

Pursuant to Rule 55(b), Federal Rules of Civil Procedure, LTX also hereby applies to the Clerk to enter a default judgment against Mr. Nixon in the amount of $76,037.85 plus pre-judgment interest accrued on this amount at the maximum legal rate of 10% since March 9, 2007, as requested in LTX's cross-complaint, or $3,855.40 as of September 10, 2007, with pre-judgment interest continuing to accrue at the rate of $20.84 per day until the judgment is entered, plus costs and attorneys' fees to be determined by separate application.

Dated: September 10, 2007.    JEFFREY D. WOHL
JEFFREY P. MICHALOWSKI
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By:  /s/ Jeffrey D. Wohl
Jeffrey D. Wohl
Attorneys for Defendant/Cross-Complainant
LTX Corporation and Defendants Peter Rood and
Tim Hallock

LEGAL_US_W # 57039408.1

APPLICATION FOR DEFAULT; WOHL DECL.
U.S.D.C., N.D. Cal., No. C-07-04055-RS

**DECLARATION OF JEFFREY D. WOHL IN <u>SUPPORT OF APPLICATION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT</u>**

I, Jeffrey D. Wohl, declare:

1. I am a member of the Bar of this Court and one of the attorneys representing defendant and cross-complaint LTX Corporation ("LTX") and defendants Peter Rood and Tim Hallock in this action. I make this declaration in support of LTX's application, pursuant to Rule 55, Federal Rules of Civil Procedure, for the entry of a default and a default judgment against plaintiff and cross-defendant John Nixon III on LTX's cross-complaint in this action. I have personal knowledge of the facts set forth in this declaration and could and would competently testify to them under oath if called as a witness.

2. On August 7, 2007, LTX served Mr. Nixon with its cross-complaint in this action. True copies of the cross-complaint and the proof of service showing service of the cross-complaint on Mr. Nixon by mail are attached to this declaration as Exhibit A. (True copies also were attached to defendants' Notice of Removal of this action, which was filed on August 8, 2007 (Docket No. 1).)

3. Under Rule 81(c), Federal Rules of Civil Procedure, because Mr. Nixon had not answered or otherwise responded to LTX's cross-complaint at the time of removal of this action, Mr. Nixon had 20 days after service of the cross-complaint, plus the additional three days provided by Rule 6(e), Federal Rules of Civil Procedure, based on service by mail, or until August 30, 2007, in which to answer or otherwise respond to LTX's cross-complaint. Mr. Nixon did not file an answer or response to the cross-complaint by this deadline.

4. On August 31, 2007, I wrote to Mr. Nixon, drawing his attention to his failure to file an answer or other response to the cross-complaint and giving him until September 7, 2007, by which to file his answer or other response or else face entry of a default. A true copy of my letter to Mr. Nixon is attached to this declaration as Exhibit B.

5. As of the date of this declaration, Mr. Nixon has not filed an answer or other response to LTX's cross-complaint. Accordingly, LTX asks the Clerk to enter a default against Mr. Nixon at this time.

6. LTX also asks the Clerk to enter a default judgment against Mr. Nixon on LTX's cross-complaint, as the cross-complaint (at 2:27-3:6) seeks a sum certain ($76,037.85, plus pre-judgment

1  interest accrued on that amount at the maximum legal rate of 10% since March 9, 2007), plus costs and
2  attorneys' fees to be determined by separate application.  As of the date of this application, the pre-
3  judgment interest that has accrued from March 9, 2007, is $3,855.40, with additional pre-judgment
4  interest accruing at the rate of $20.84 per day until the judgment is entered.

5  Executed on September 10, 2007, at San Francisco, California.

6  I declare under penalty of perjury that the foregoing is true and correct.

7           /s/ Jeffrey D. Wohl
                    Jeffrey D. Wohl