# EXHIBIT A

1  JEFFREY D. WOHL (Cal. State Bar No. 96838)
   JEFFREY P. MICHALOWSKI (Cal. State Bar No. 248073)
2  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   55 Second Street, 24th Floor
3  San Francisco, California 94105
   Telephone: (415) 856-7000
4  Facsimile: (415) 856-7100
   jeffwohl@paulhastings.com
5  jeffmichalowski@paulhastings.com

6  Attorneys for Defendant/Cross-Complainant
   LTX Corporation and Defendants Peter Rood and Tim Hallock

7

8

9              SUPERIOR COURT OF CALIFORNIA

10                COUNTY OF SANTA CLARA

11

12  JOHN NIXON, an individual,                    No. 107CV081538

13              Plaintiff,                         **DEFENDANT LTX CORPORATION'S
                                                   CROSS-COMPLAINT AGAINST
14      vs.                                        PLAINTIFF JOHN NIXON III FOR
                                                   BREACH OF CONTRACT**
15  LTX CORPORATION, a corporation,
    PETER ROOD, individually, and TIM             **JURY DEMANDED**
16  HALLOCK, individually

17              Defendants.

18  ─────────────────────────────────

19  LTX CORPORATION, a corporation,

20              Cross-Complainant,

21      vs.

22  JOHN NIXON III, an individual, and
    Does 1-10,

23              Cross-Defendants.

24

25

26

27

28

LEGAL_US_W # 56791676.1

DEFENDANT LTX CORPORATION'S CROSS-COMPLAINT AGAINST PLAINTIFF JOHN NIXON III

1    Defendant LTX Corporation ("LTX"), assuming the position of cross-complainant, cross-

2    complains against plaintiff John Nixon III ("Nixon") and Does 1-10 and alleges as follows:

3                              **THE PARTIES**

4        1.    Nixon, an individual, is a former employee of LTX.  Nixon is the plaintiff in the

5    underlying action.

6        2.    LTX, a corporation that is duly licensed to engage in business in the State of

7    California, is the defendant in the underlying action.

8        3.    LTX currently is unaware of the names or capacities of the defendants identified as

9    "Does 1-10," and therefore sues them under those fictitious names.  LTX reserves the right to

10   amend this cross-complaint to name Does 1-10 once their names and capacities become known.

11   LTX is informed and believes and on that basis alleges that Nixon and Does 1-10 were each

12   other's servants, agents, or employees, and committed the acts and omissions alleged in this

13   cross-complaint in the course and scope of that service, agency, or employment.  Accordingly,

14   Nixon and Does 1-10 are each liable for the acts and omissions alleged in this cross-complaint.

15                         **JURISDICTION AND VENUE**

16       4.    The Court has jurisdiction over this cross-complaint because it arises from the

17   transactions and occurrences alleged in Nixon's complaint and First Amended Complaint in this

18   action.

19       5.    Venue is properly situated in the County of Santa Clara because Nixon

20   commenced his action against LTX in the County of Santa Clara and the acts and omissions

21   alleged in this cross-complaint, including the formation of the contract, LTX's performance under

22   the contract, and Nixon's breach of the contract all occurred in the County of Santa Clara.

23                              **ALLEGATIONS**

24       6.    On or about October 25, 2005, in connection with the termination of his

25   employment with LTX, LTX offered to Nixon a written Enhanced Separation Benefits

26   Agreement (the "ESB Agreement"), a true copy of which is attached to this cross-complaint as

27   Exhibit A.

28       7.    On or about November 17, 2005, Nixon accepted the ESB Agreement.

LEGAL_US_W # 56791676.1

---

1        8.     Under the ESB Agreement, in return for LTX's payment to Nixon of valuable

2  benefits to which he otherwise was not entitled, including but not limited to 25 weeks of salary

3  continuation, 25 weeks of continued medical and dental insurance coverage, and outplacement

4  services, the fair and reasonable value of which is $76,037.85, Nixon agreed, *inter alia*, to release

5  all claims existing at the time of his acceptance of the ESB Agreement against LTX and its

6  employees, including Peter Rood ("Rood") and Tim Hallock ("Hallock"), and not to sue LTX and

7  its employees, including Rood and Hallock, on those released claims. Nixon further agreed under

8  the ESB Agreement that in the event he breached his obligations under the ESB Agreement, LTX

9  would be entitled to recover the benefits provided to Nixon under the agreement and the costs and

10  attorneys' fees that LTX, Rood, and Hallock incurred defending against Nixon's claims.

11       9.     On or about March 9, 2007, Nixon commenced this action. On or about June 11,

12  2007, Nixon filed his First Amended Complaint in this action. In both pleadings, he named LTX,

13  Rood, and Hallock as defendants.

14      10.    In at least his First Amended Complaint and, depending on the specifics of his

15  allegations which LTX has not yet discovered, possibly in his original complaint, Nixon sues

16  LTX, Rood, and Hallock on claims that under the ESB Agreement he released and on which he

17  covenanted he would not sue.

18      11.    By commencing and prosecuting this action, and asserting the claims raised in his

19  First Amended Complaint and possibly his original complaint, Nixon breached the ESB

20  Agreement.

21      12.    LTX has performed all of its obligations under the ESB Agreement or any failure

22  to perform any obligations it has under the ESB Agreement has been waived by Nixon.

23      13.    As a proximate result of Nixon's breach of the ESB Agreement, LTX has been

24  damaged and is entitled to recover the benefits provided to Nixon under the agreement, as well as

25  the costs and attorneys' fees it has incurred and will incur in defending itself, Rood, and Hallock

26  against Nixon's claims in this action.

27                          **RELIEF REQUESTED**

28      LTX asks the Court to enter judgment in its favor and against Nixon and Does 1-10 on

1    this cross-complaint, awarding to LTX (1) damages in the amount of $76,037.85, which

2    represents the value of the benefits provided to Nixon under the ESB Agreement; (2) interest

3    accrued on the damages awarded to LTX at the maximum legal rate since at least March 9, 2007;

4    (3) the costs and attorneys' fees incurred and to be incurred by LTX in defending itself, Rood,

5    and Hallock against Nixon's claims in the underlying action; and (4) such further or other relief

6    as the Court may deem proper.

7    Dated:  August 7, 2007.       JEFFREY D. WOHL
                                   JEFFREY P. MICHALOWSKI
8                                  PAUL, HASTINGS, JANOFSKY & WALKER LLP

9                                  By:  _____
10                                          Jeffrey D. Wohl
                                   Attorneys for Defendant/Cross-Complainant
11                                 LTX Corporation and Defendants Peter Rood
                                           and Tim Hallock
12

13                          **JURY DEMAND**

14           Defendant LTX Corporation demands trial by jury on all issues triable by a jury on its

15    cross-complaint.

16    Dated:  August 7, 2007.       JEFFREY D. WOHL
                                   JEFFREY P. MICHALOWSKI
17                                 PAUL, HASTINGS, JANOFSKY & WALKER LLP

18                                 By:  _____
19                                          Jeffrey D. Wohl
                                   Attorneys for Defendant/Cross-Complainant
20                                 LTX Corporation and Defendants Peter Rood
                                           and Tim Hallock
21

22

23

24

25

26

27

28

DEFENDANT LTX CORPORATION'S CROSS-COMPLAINT AGAINST PLAINTIFF JOHN NIXON III

# EXHIBIT A



University Avenue
Westwood
Massachusetts
02090-2306
t  781 461 1000
f  781 326 4883
www.ltx.com

October 25, 2005

John Nixon III
2099 Brown Avenue
Santa Clara, CA  95051

Re:    Enhanced Separation Benefits Agreement

Dear John:

As you have been informed, your employment with LTX Corporation (LTX)
unfortunately is being terminated effective October 25, 2005 as a result of the
Company's reduction-in-force due to adverse business conditions. This letter sets forth
the standard separation benefits you will receive on account of the termination of your
employment. In addition, if you accept the Enhanced Separation Benefits Agreement set
forth in this letter you will receive additional separation benefits outlined below.

Standard Separation Benefits

You have already received or will receive your earned salary and accrued and unused
vacation through your termination date. In addition, you have received or will receive, by
separate cover, information regarding continuation of your health insurance under
COBRA and (if applicable) your retirement benefits.

Enhanced Separation Benefits

As you have also been informed, LTX is offering to its employees displaced by this
action the opportunity to receive enhanced separation benefits in return for your
acceptance of this Agreement, including its release of claims.    THIS IS AN
IMPORTANT LEGAL DOCUMENT.   YOU ARE ADVISED TO CONSULT AN
ATTORNEY ABOUT IT PRIOR TO SIGNING.  DO NOT SIGN THIS AGREEMENT
UNLESS YOU UNDERSTAND ALL OF ITS TERMS AND VOLUNTARILY AGREE
TO ACCEPT IT.

Page 2

The terms of the Agreement are as follows:

1.      Although you are not otherwise entitled to it, in consideration of your acceptance of this Agreement, LTX will pay (a) additional salary continuation (less applicable payroll tax deductions and withholdings), (b) continued medical and dental insurance coverage (subject to continuation of your current employee contribution), and (c) outplacement services, each as set forth in the attached Enhanced Separation Benefits Agreement Information Sheet.

2.      You have returned or will immediately return to LTX any information that you have about LTX or any of its customer lists, customer business needs or procedures, trade secrets, and product marketing, including but not limited to reports, memoranda, or other copies, extracts or summaries of such items, as well as all other property of LTX. You represent that after the effective date of the termination of your employment, you will not have in your possession, custody or control any such matters.

3.      In consideration of the enhanced separation benefits you will receive, you waive and release any and all claims that exist as of the time you execute this Agreement and that you have or might have against LTX Corporation and its predecessors, subsidiaries, related entities, officers, directors, shareholders, agents, attorneys, employees, successors, or assigns, arising from or related to your employment with LTX Corporation and/or the termination of your employment with LTX Corporation.

        These released claims include, but are not limited to, claims arising under federal, state and local statutory or common law, such as the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, the California Fair Employment and Housing Act, and the law of contract and tort.

        Your release of claims does not, however, include the following:

        a.      claims for worker's compensation benefits;
        b.      claims for unemployment insurance benefits;
        c.      claims for already-vested benefits under LTX's benefit plans; or
        d.      claims that arise after you accept this Agreement.

Nothing in this Agreement and Release shall be construed to affect the Equal Employment Opportunity Commission's ("Commission") independent right and responsibility to enforce the law. You understand, however, that, while this Agreement and Release does not affect your right to file a charge or participate in an investigation or proceeding conducted by the Commission, it does bar any claim you might have to receive monetary damages in connection with any Commission proceeding concerning matters covered by this Agreement and Release.

Page 3

You also waive and release all of the claims described (and not excluded) above, even if you do not believe that you have such claims. You therefore waive your rights under section 1542 of the Civil Code of California which states:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known to him must have materially affected his settlement with the debtor.

4.      You will not, unless required or otherwise permitted by law, disclose to others any information regarding LTX Corporation or any of its customer's practices, procedures, trade secrets, customer lists or product marketing.

You will not engage in any unethical or improper conduct which might impair LTX's business, interfere with its customer relationships or disrupt its employee relations. Without limitation of the foregoing, you will not make any negative, disparaging or derogatory remarks about LTX, its officers or its employees.

You also will not, for a period of one year from the date of this Agreement, recruit or otherwise solicit or induce any employee of LTX or any of its subsidiaries to terminate their employment with, or otherwise cease their relationship with, LTX or any of its subsidiaries.

These provisions are in addition to any existing legal obligation you owe to LTX with respect to these matters and any prior agreements regarding protection of confidential information and assignment of inventions.

5.      In the event that you breach any of your obligations under this Agreement or as otherwise imposed by law, LTX will be entitled to recover the benefits paid under this Agreement and to obtain all other relief provided by law or equity. If you breach this Agreement by suing LTX or those associated with LTX on any claim released under paragraph 3, to the extent provided by law you will pay all costs and expenses of defending against the suit incurred by LTX or those associated with LTX, including attorneys' fees.

6.      You have 45 days from the date of this letter, or until December 9, 2005, by which to accept this Agreement, although you may accept it at anytime within that 45-day period. (If the Agreement is not accepted by this due date, it will be automatically withdrawn.)

Page 4

To accept this Agreement, date and sign below where indicated and return the
Agreement to me. (An extra copy is enclosed for your records.) Once you accept the
Agreement, you will have an additional 7 days in which to revoke your acceptance,
which you may do by submitting to me a written statement of revocation. If this 7 day
period passes without your revocation, this Agreement will become final. Your
enhanced separation benefits will be paid as salary continuation after the Agreement
becomes final.

If you have any questions regarding the above, please contact me directly at (781) 467-
5326.

LTX Corporation and I wish you every success in your future endeavors.


Sincerely,

LTX Corporation


Richard L. Bove
Vice President, Human Resources.


BY SIGNING BELOW, I ACKNOWLEDGE THAT I HAVE READ THIS
AGREEMENT, I UNDERSTAND ITS TERMS, I HAVE HAD THE OPPORTUNITY
TO CONSULT WITH AN ATTORNEY OF MY CHOICE BEFORE SIGNING, AND I
ACCEPT THIS AGREEMENT KNOWINGLY AND VOLUNTARILY.


Employee                                    Date

John N Nixon III

**LTX CORPORATION**
**ENHANCED SEPARATION BENEFITS AGREEMENT**
**INFORMATION SHEET**


Employee:     John Nixon III


Your enhanced separation benefits will include:


**Salary Continuation:**
Six weeks salary plus an additional one week of salary for each consecutive full year you
have been employed by LTX through your employment termination date, for a total of 25
weeks of additional salary, less applicable tax deductions and withholdings.

**Continued Medical and Dental Insurance Coverage:**
25 weeks of continued medical and dental insurance coverage, subject to your payment
by salary deduction of your current employee contribution rate.  Such contribution rate
may be subject to change effective January 1, 2006, due to normal rate increases.

**Outplacement Services:**
You will receive outplacement services with Torchiana, Mastrov and Sapiro, Inc.  This
includes a two-day career transition workshop.