1   JOHN NOALL NIXON, III, in *Properia persona*
    2099 Brown Avenue
2   Santa Clara, California 95051
    Telephone:  (408) 247-7189
3
    JEFFREY D. WOHL (Cal. State Bar No. 96838)
4   JEFFREY P. MICHALOWSKI (Cal. State Bar No. 248073)
    PAUL, HASTINGS, JANOFSKY & WALKER LLP
5   55 Second Street, 24th Floor
    San Francisco, California  94105
6   Telephone: (415) 856-7000
    Facsimile: (415) 856-7100
7   jeffwohl@paulhastings.com
    jeffmichalowski@paulhastings.com
8
    Attorneys for Defendant/Cross-Complainant
9   LTX Corporation and Defendants Peter Rood and Tim Hallock

10

11                  UNITED STATES DISTRICT COURT

12                  NORTHERN DISTRICT OF CALIFORNIA

13

14  JOHN NIXON, an individual,                    No.  C-07-04055-RS

15              Plaintiff,                         **JOINT RULE 26(F) REPORT AND
                                                   CASE MANAGEMENT CONFERENCE**
16      vs.                                        **STATEMENT**

17  LTX CORPORATION, a corporation, and           Fed. R. Civ. P. 26(f)
    PETER ROOD, individually, and TIM             N.D. Cal. Civ. L.R. 16-9
18  HALLOCK,
                                                   Date:    November 21, 2007
19              Defendants.                        Time:    2:30 P.M.
                                                   Ctrm:    4
20                                                 Judge:   Hon. Richard Seeborg

21
    LTX CORPORATION, a corporation,
22
                Cross-Complainant,
23
        vs.
24
    JOHN NIXON III, an individual, and Does 1-
25  10,

26              Cross-Defendants.

27

28

1        Pursuant to Federal Rule of Civil Procedure 26(f), on Monday, October 29, 2007, plaintiff/cross-

2  defendant John Nixon III ("Plaintiff") and counsel for defendant/cross-complainant LTX Corporation

3  ("LTX"), and defendants Peter Rood and Tim Hallock (collectively referred to as "Defendants"),

4  conferred regarding (a) the nature and basis of their claims and defenses; (b) the possibilities of

5  resolution or alternative dispute resolution; and (c) a proposed discovery plan.  As a result of this initial

6  conference, the parties submit the following Joint Rule 26(f) Report in accordance with Civil Local Rule

7  16-9 and the Standing Order for All Judges of the Northern District of California: Contents of Joint Case

8  Management Statement.

9  I.      **JURISDICTION AND SERVICE**

10        The court has subject matter jurisdiction over this action based on federal question jurisdiction

11  under 28 U.S.C. sections 1331 and 1441(b) and 29 U.S.C. section 216(b) and the Court's supplemental

12  jurisdiction under 28 U.S.C. section 1367.

13  II.   **FACTS**

14      A.    **Plaintiff's Statement of Facts**

15        Plaintiff was employed by LTX as a Manager of Digital Diagnostics and Calibration in San Jose,

16  California.  He had been employed by LTX, in progressing degrees, from March 1986 until the layoff on

17  October 2005.  Plaintiff accepted the Enhanced Separation Benefits Agreement in November 2005.

18        In March of 2006, Plaintiff began to get hints of problems with prospective employers.  In March

19  2006, Plaintiff was told by a recruiter for Cisco that the manager he interviewed with at Cisco said

20  Plaintiff was of no interest to the manager because Plaintiff was let go due to "poor performance."

21  Plaintiff, also, had difficulty getting employment at Credence, even though Credence was hiring and

22  often hired ex-LTX employees.   Plaintiff knows many of these ex-employees now working for

23  Credence.  Also, two employees Plaintiff trained and who were under his management at LTX were

24  given offers for employment at Credence in the same month.  Plaintiff interviewed and was approached

25  by "headhunters", but was not given an offer by Credence.

26        Plaintiff was told by a witness that Tim Hallock said to the witness that "John Nixon would

27  never work for Credence because I have connections there and we talk about who to hire and who not to

28  hire."  (Paraphrased).

1    Plaintiff was told by Tim Hallock from about July 2005 up until days before the lay off that

2    Plaintiff would be the manager of LTX' bi-coastal Digital Diags and Calibration teams. This statement

3    was made in front of several witnesses. Plaintiff had recently, however, been taken from his position

4    under manager Randy Joch and unilaterally placed under the management of Tim Hallock. Tim Hallock

5    was Plaintiff's manager for approximately 2 months when Hallock gave Plaintiff a job performance.

6    Hallock wrote his review for the entire year without input from Plaintiff's former manager. This was

7    done with only two months as Plaintiff's manager, without input from Plaintiff's former manager of

8    many years and the 10 months previous to Hallock's management. There was never a Personnel Action

9    Notice (PAN) for the unilateral transfer. A PAN is LTX's own policy whenever an employee changes

10   management, is given a promotion or a raise.

11   Plaintiff has good faith basis to belief that Hallock meant him harm and prevented Plaintiff from

12   obtaining work. Plaintiff has over 20 years of good to excellent performance reviews while at LTX.

13   Any violation of LTX of the Agreement relieves Plaintiff of Breach of Contract since LTX

14   breached first, or at the least, could be perceived as precipitating a breach by LTX' conduct. Violations

15   of the Labor Code by LTX violate the Agreement because they involved the commission of a crime,

16   violation of Labor Codes 1040, 1042 and 1043, misdemeanors in the state of California, to prevent a

17   former employee from obtaining employment elsewhere. The commission of a crime is very dispositive

18   of a Breach of Contract by Defendants long before Plaintiff "breached" in March 2007 by filing a

19   Complaint with the Santa Clara Superior Court.

20   Plaintiff's retaliation claim stems from Plaintiff's work on the VX4 tester. Plaintiff was able to

21   show that the tester could be made to fail completely when using a specific mode and without violating

22   any specification or rule of operation. This delayed the shipping of the VX4 tester and the ability of the

23   manufacturing groups to move on to the new, more "inexpensive" tester LTX was planning on

24   marketing. Within a relatively brief period of time after Plaintiff's discovery and the response to "fix"

25   the VX4, Plaintiff was unilaterally moved from his present manager to Hallock's management. This

26   was done without consultation with Plaintiff's manager (against LTX' policy and practice). Within

27   three months after being moved to Hallock's management, Hallock gave Plaintiff a poor review.

28   Hallock told Plaintiff he always gave poor reviews the first time. Hallock never talked with Plaintiff's

1  former manager, Randy Joch, so Hallock had no opportunity for any type of intelligent basis on which to

2  form his evaluation.  Within three months of that performance review, Plaintiff was fired.

3      B.    **Defendants' Statement of Facts**

4      LTX employed Plaintiff as a Manager of Digital Diagnostics at its San Jose location until

5  October 2005, when it terminated plaintiff's employment as part of a reduction in force ("RIF").  As part

6  of the RIF, LTX offered and Plaintiff accepted an Enhanced Separation Benefits Agreement (the

7  "Agreement").  In consideration of Plaintiff's acceptance of the Agreement, including his release of

8  claims, LTX paid Plaintiff 25 weeks of severance pay and other benefits, worth $76,037.85.

9      In this action, Plaintiff sues LTX and LTX managers Tim Hallock and Peter Rood on various

10  claims for defamation (styled as claims under California Civil Code sections 45 and 46 and California

11  Labor Code sections 1050 and 1052; and claims for retaliation, intentional and negligent infliction of

12  emotional distress, and conspiracy); retaliation while he was an LTX employee; and unpaid wages

13  (brought under the Fair Labor Standards Act and the California Labor Code, and also styled as a claim

14  for fraud).

15      To the extent that Plaintiff sues for unpaid wages, retaliation, or any other act or omission

16  occurring prior to his acceptance of the Agreement, Plaintiff's claims are barred by his release of claims

17  made part of the Agreement.  In addition, by suing on claims that he released, Plaintiff breached the

18  Agreement, which included a covenant not to sue enabling LTX to recover the severance and other

19  benefits provided to Plaintiff under the Agreement in the event of a breach.

20      With respect to Plaintiff's defamation claims, Defendants deny that they have made any

21  statement about Plaintiff that supports a claim of defamation against them.  Defendants further deny that

22  Plaintiff has sustained any damages as a result of any alleged defamation.

23      After Plaintiff brought this action, LTX filed its cross-complaint against Plaintiff for breach of

24  the Agreement.  Plaintiff failed to answer the cross-complaint, and on September 14, 2007, the Clerk

25  entered a default of Plaintiff on the cross-complaint.  On October 5, 2007, the Clerk issued a Declination

26  to Enter Default Judgment, explaining that because Plaintiff had already appeared in the action LTX

27  would need to bring a motion for Default Judgment.

28  ///

LEGAL_US_W # 57546609.1

III.    **LEGAL ISSUES**

    A.    **Plaintiff**

        1.    Whether Defendants engaged in defamation of Plaintiff following Plaintiff's termination from LTX.

        2.    Whether Defendants committed violations of California Labor Code section 1040, 1041 and 1043 by preventing Plaintiff from obtaining work.

        3.    Whether there is good cause preventing default judgment against Plaintiff following Defendant's alleged default by Plaintiff on LTX' cross-complaint.

        4.    Whether Defendants breached the contract first (an anticipatory breach and a breach by unclean hands) by violating California Labor Code Section 1040, et seq., before Plaintiff's alleged breach in July of 2007.

    B.    **Defendants**

        1.    Whether Defendants engaged in any defamation of Plaintiff following the termination of his employment with LTX.

        2.    Whether any statement made by Defendants or any of them with respect to Plaintiff that he contends constituted defamation is privileged from suit under California Civil Code section 47(c) and California Labor Code section 1053.

        3.    Whether there is any good cause why a default judgment should not be entered against Plaintiff following his default on LTX's cross-complaint.

IV.    **MOTIONS**

    A.    **Plaintiff's Anticipated Motions.**

        1.    Plaintiff will move to amend Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a), especially with reference to Rule 81(c).

        2.    Plaintiff will move to file his retaliation claim under the Federal Law of Sarbanes-Oaxley as a result of Defendant's removal of Plaintiff's Amended Complaint to Federal Court in accordance with Federal Rules of Civil Procedure 2.11 and 2.16, where when federal law has completely preempted state law ... cannot avoid the

federal question by pleading only state law.  Sarbanes-Oaxley has, arguably and in reality, preempted state law in corporate retaliation claims.

    3.    Depending on discovery, Plaintiff would move for a hearing on Plaintiff's either Amended Complaint or Plaintiff's Second Amended Complaint.

    3.    Plaintiff will move to deny any motion of summary judgment based on Plaintiff's witnesses and evidence.

  **B.**    **Defendants' Anticipated Motions.**

    1.    LTX will bring a motion for default judgment on its Cross-Complaint pursuant to Federal Rule of Civil Procedure 55(b).

    2.    Depending on developments in discovery, Defendants may bring a motion for summary judgment on Plaintiff's First Amended Complaint.

## V.  AMENDMENT OF PLEADINGS

Plaintiff has expressed the desire to bring a Second Amended Complaint.  The parties are discussing how Plaintiff would amend his First Amended Complaint and whether Defendants would stipulate to the filing of such a pleading.

## VI.  EVIDENCE PRESERVATION

  **A.**    **Plaintiff's Preservation Efforts**

Plaintiff is taking reasonable and diligent efforts to preserve all records that may be relevant to this litigation.

  **B.**    **Defendants' Preservation Efforts**

All LTX records that may be relevant to this litigation are maintained in the regular course of business.  Co-defendants Peter Rood and Tim Hallock are taking reasonable and diligent efforts to preserve all records that may be relevant to this litigation.

## VII.  DISCLOSURES

The parties will fully and timely comply with the initial disclosure requirement of F.R.C.P. 26(a)(1).

///

///

- 5 -

LEGAL_US_W # 57546609.1

1    VIII.    **DISCOVERY STATUS & PLAN**

2            A.    **Status of Discovery**

3            Discovery has not commenced.

4            B.    **Rule 26(f)(1): Timing, Form, or Requirements of Initial Disclosures**

5            The Rule 26(a)(1) disclosures should apply without modification and those disclosures shall be

6    made on or before November 14, 2007.

7            C.    **Rule 26(f)(2): Subjects, Completion Date, and Phasing of Discovery**

8                    1.    **Discovery Plans**

9                            a.    **Plaintiff's Proposed Discovery Plan**

10           Plaintiff will demand documents from Defendants and take Defendants Hallock's, Rood's and

11   Mark Deome's depositions within the next 90 days.  Plaintiff will demand Hallock's phone numbers for

12   a certain, specified period of time, including, but not limited to, his employment at Credence through

13   March 2007, for all phones, landlines at home, cell phones, directed phone numbers at LTX, etc.

14   Plaintiff will be making a request for e-discovery on all Defendant Hallock and Defendant Rood's

15   computers, with specific, directed references to Plaintiff's name and group, as well as the name of

16   Ronnie Chan.  Plaintiff will conduct additional discovery relative to Defendant's defense within the next

17   150 days.  Plaintiff is acceptable of discovery close by August 12, 2008.

18                           b.    **Defendants' Proposed Discovery Plan**

19           Defendants will demand documents from plaintiff and take plaintiff's deposition within the next

20   90 days.  Defendants will conduct additional discovery relevant to plaintiff's claims within the next 150

21   days.  Defendants propose that discovery close by August 12, 2008.

22                   2.    **Phased Discovery**

23           The parties are in agreement that discovery need not be conducted in phases.

24           D.    **Rule 26(f)(3): Electronic Discovery**

25                   1.    **Plaintiff's Position**

26           Due to the suspected position of Defendants, Plaintiff would move to have a third party conduct

27   a minimal, non-intrusive investigation of Defendants' electronic records, at a cost born by Plaintiff.

28   Plaintiff will provide the key words for searching Defendants' records, such that they will relate only to

- 6 -

1   Plaintiff and Plaintiff's claims.

2                   2.      **Defendants' Position**

3          To the extent electronic records are subject to discovery and their production is not unduly

4   burdensome or oppressive, Defendants intend to produce electronic records as they are stored in the

5   normal course of business, or in a manner that is searchable, depending on the nature of the data, the

6   extent of the production, and the reasonable preference of plaintiff.  To the extent LTX's data storage

7   practices are relevant to the production or maintenance of discoverable evidence, LTX will produce for

8   deposition or discovery individuals with knowledge of those practices.

9                   3.      **Rule 26(f)(4): Claims of Privilege**

10         There are presently no anticipated issues relating to claims of privilege or of protection as to

11  trial-preparation material.

12                  4.      **Rule 26(f)(5): Changes to Limitations of Discovery**

13         The parties do not currently anticipate any need to modify the limitations on discovery imposed

14  under the Federal Rules of Civil Procedure or under the Local Rules.

15                  5.      **Rule 26(f)(6): Other Orders the Court Should Enter**

16         The parties do not currently believe that the court should enter any other order related to

17  discovery.

18  IX.   **CLASS ACTIONS**

19         The parties agree that neither the Complaint nor the Cross-Complaint is suited for class

20  treatment.

21  X.    **RELATED CASES**

22         Plaintiff has brought two related lawsuits: (1) *John Nixon, an individual, Plaintiff, v. Tom*

23  *Nguyen, Marcy Sumner, and Cisco Systems, Defendant*, Santa Clara Superior No. 107 CV 081534, filed

24  on March 9, 2007; and (2) *John Nixon, an individual, Plaintiff, v. Ronnie Chan, and Credence Inc.,*

25  *Defendants*, Santa Clara Superior No. 107 CV 081542, filed on March 9, 2007.

26  XI.   **RELIEF SOUGHT**

27         A.      **Plaintiff**

28         Plaintiff seeks Plaintiff's costs, reasonable attorneys' fees, and such further or other relief as may

1  be proper on Plaintiff's Complaint.  Plaintiff will be seeking compensation for the 12-month period of

2  lost wages and benefits caused by defamation as allowed by law and compensation for violations of

3  California Labor Code Sections 1040, 1042 and 1043, as well as negligent infliction of emotional

4  distress and intentional infliction of emotional distress.  Plaintiff also seeks recovery from LTX' claim

5  of breach of contract under the theory of anticipatory and unclean hands breach by LTX in its retaliatory

6  attacks on Plaintiff's character, wherein Defendants intentionally prevented Plaintiff from gaining

7  employment, and thereby rendering LTX guilty of a misdemeanor under California Labor Code and

8  making the contract null and void before Plaintiff filed the original Complaint in July of 2007.

9       **B.    Defendants**

10      Defendants seek their costs, reasonable attorneys' fees, and such further or other relief as may be

11  proper on Plaintiff's Complaint.  On its cross-complaint, LTX seeks $76,037.85 for breach of contract,

12  pre-judgment interest, costs and attorneys' fees, and such further or other relief as may be proper.

13  **XII.   SETTLEMENT AND ADR**

14      To date, no settlement discussions have occurred.  The parties have stipulated to Alternative

15  Dispute Resolution, ADR L.R. 3-4(a)—Option 2 (early neutral evaluation).

16  **XIII.  CONSENT TO MAGISTRATE JUDGE**

17      In accordance with the provisions of 28 U.S.C. section 636(c), the parties have consented to have

18  United States Magistrate Judge Richard Seeborg conduct any and all proceedings in the case, including

19  trial, and order the entry of a final judgment.

20  **XIV.   OTHER REFERENCES**

21      The parties agree that this case is not suitable for reference to binding arbitration, a special

22  master, or the Judicial Panel on Multidistrict Litigation.

23  **XV.    NARROWING OF ISSUES**

24      The parties may be willing to stipulate to certain facts.  Summary judgment motions also may

25  narrow the issues to be tried.

26  **XVI.   EXPEDITED SCHEDULE**

27      The parties agree that this is not the type of case that should be handled on an expedited basis

28  with streamlined procedures.

1   XVII.  **SCHEDULING**

2          The parties propose the following dates:

3          ▪      Last Day to Complete General Discovery: *(105 days before trial)*: **July 28, 2008.**

4          ▪      Last Day to Complete Expert Discovery *(90 days before trial)*: **August 12, 2008.**

5          ▪      Last Date to Hear Dispositive Motions *(45 days before trial)*: **September 26, 2008.**

6          ▪      Final Pretrial Conference *(8 days before trial)*: **November 2, 2008.**

7          ▪      Trial Date: **November 10, 2008.**

8   XVIII. **TRIAL**

9          The parties agree that it is premature to estimate the length of trial until the parties have had an

10  opportunity to engage in discovery.  As such, the parties propose that the Court revisit the issue of trial

11  length after discovery is closed.

12  XIX.   **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

13         Plaintiff and Defendants have filed the Certification of Interested Entities or Persons as required

14  by Civil Local Rule 3-16.  No non-party person, firm, partnership, corporation or other entity has either

15  a financial interest in the subject matter in controversy, or any other kind of interest that could be

16  substantially affected by the outcome of the proceeding.

17  XX.    **OTHER MATTERS**

18         The parties are aware of none.

19         Dated:  November 14, 2007.            JOHN NIXON III

20

21                                               _/s/ John Nixon III_____

22         Dated:  November 14, 2007.            JEFFREY D. WOHL
                                                 JEFFREY P. MICHALOWSKI
23                                               PAUL, HASTINGS, JANOFSKY & WALKER
                                                 LLP
24

25                                               By: __/s/ Jeffrey D. Wohl_____
                                                          Jeffrey D. Wohl
26                                               Attorneys for Defendant/Cross-Complainant
                                                 LTX Corporation and Defendants Peter Rood
27                                                         and Tim Hallock

28

LEGAL_US_W # 57546609.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CASE MANAGEMENT ORDER**

The Case Management Statement and [Proposed] Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

Dated:  November __, 2007.

_____
Richard Seeborg
United States Magistrate Judge